378 So.2d 1016 (1979)
Alfred J. PETRUS, Plaintiff-Appellant,
v.
Commissioner Billy J. GUIN et al., Defendants-Appellees.
No. 13976.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1979.
*1017 Booth, Lockard, Jack, Pleasant & LeSage by Henry A. Politz and Bennett L. Politz, Shreveport, for plaintiff-appellant.
Charles C. Grubb, City Atty., and Mark E. Robinson, Asst. City Atty., Shreveport, for defendants-appellees, Billy J. Guin, Commissioner of Public Utilities of City of Shreveport; City of Shreveport; and Personnel Board of City of Shreveport.
Before HALL, MARVIN and BIGBY, JJ.
HALL, Judge.
This is an appeal by a former classified employee of the City of Shreveport seeking to be reinstated to employment with the City. Alfred J. Petrus, appellant, was dismissed from his position as Superintendent of Distribution for the Department of Public Utilities by the then Commissioner of Public Utilities, Billy Guin. The Personnel Board of the City of Shreveport upheld the dismissal and the district court affirmed. We affirm the judgment of the district court.
Background Facts
In April, 1977 Petrus was suspended from his position as Superintendent of Distribution for the Department of Public Utilities for the City of Shreveport by William A. Collins, the Commissioner at that time. This suspension without pay was based on four charges of alleged misconduct and was to continue until completion of a then pending investigation. Subsequent to this suspension Petrus was indicted on two counts of felony theft and also charged with the misdemeanor of malfeasance in office. A jury acquitted Petrus on the felony charges on March 30, 1978, and the district attorney dismissed the misdemeanor indictment which contained, among other counts, the four allegations noted in the letter of suspension. On April 17, 1978 counsel for Petrus wrote the new Commissioner of Public Utilities, Billy Guin, requesting that the suspension order be recalled and Petrus be reinstated due to the acquittal and dismissal of the charges. Counsel also sought to have the accumulated pay for the period of suspension paid to Petrus.
On April 27, 1978 Commissioner Guin, by letter, informed appellant he was changing the suspension to an official dismissal. The grounds for dismissal are set forth in the dismissal letter, as follows:
"1. You ordered and directed public employees of the Department of Public Utilities to install asphalt tile and flooring and other materials in your *1018 personal residence at 1037 Ridgewood Drive, Shreveport, Caddo Parish, Louisiana, while these employees were working on city time and being paid from city funds, and the employees used city vehicles, tools, materials and equipment to complete this job.
"2. You ordered and directed public employees of the Department of Public Utilities to build and construct a child's playhouse and deliver same to your personal residence at 1037 Ridgewood Drive, Shreveport, Caddo Parish, Louisiana, while these employees were working on city time and being paid from city funds, and the employees used city vehicles, tools, materials and equipment to complete this job.
"3. You ordered and directed public employees of the Department of Public Utilities to paint the interior of your personal residence at 1037 Ridgewood Drive, Shreveport, Caddo Parish, Louisiana, while these employees were working on city time and being paid from city funds, and the employees used city vehicles, tools, materials and equipment to complete the job.
"4. You ordered and directed public employees of the Department of Public Utilities to dig and excavate a gas line trench at your personal residence at 1037 Ridgewood Drive, Shreveport, Caddo Parish, Louisiana, while these employees were working on city time and being paid from city funds, and the employees used city vehicles, materials and equipment to complete the job.
"* * *
"5. You ordered and directed public employees of the Department of Public Utilities to repair, paint, and refit a 1969 Ford pickup truck bearing serial number F10GF90756 (Truck # 16), belonging to the City of Shreveport, said repairs, painting and refitting being done between the date bids had been accepted and the date said truck was to be delivered in exchange for a new, replacement vehicle and which 1969 Ford pickup was after said repairs were made and after said trade completed, immediately sold and transferred to Joseph Petrus, your son, all of this work being done by city employees who were working on city time and being paid by the city and these employees used city vehicles, tools, materials, and equipment to complete this work.
"All the above five listed incidents violated the Personnel Rules and Regulations of the City of Shreveport as follows:
 Section 8.2 (g) Incompetency or inefficiency
 (j) Neglect of duty
 (k) Negligence or willful damage
 to public property or waste
 of public supplies or equipment."
Following receipt of the dismissal letter, Petrus appealed to the Personnel Board of the City of Shreveport pursuant to Section 12:07 of the Charter of the City of Shreveport.[1] At the outset of the hearing before the board, counsel for appellant in an informal motion suggested that one of the board's members, Harold Williams, might wish to recuse himself since he occupied the position formerly held by appellant. The board considered this informal motion in executive session and later informed counsel for Petrus that Williams concluded he was able to render a fair and impartial decision and elected not to recuse himself. Counsel for appellant next filed an affidavit and made a formal motion for the recusation of Williams. The formal motion was overruled. Williams thereafter participated in the proceedings and voted in the decision made by the Personnel Board.
*1019 After hearing evidence, the board notified Petrus that the action of the commissioner was approved. The board did not make written findings of fact. Petrus then petitioned for judicial review in the district court. The district court held that throughout the transcript "runs a thread of wrongdoing, either directed by Mr. Petrus, allowed by him or accepted by him, all to his personal, private benefit, at the expense of the public." The court held there was sufficient evidence to support the board's decision and that the court would not substitute its judgment for that of the board. The board's action was affirmed and Petrus appealed.
Issues
Appellant presents three issues to be considered by this court on appeal. These issues are:
(1) Is there a denial of due process of law when a tribunal before which appellant's dismissal is appealed includes appellant's successor in office?
(2) Is there sufficient evidence to support the charges of misconduct?
(3) Is the penalty of job dismissal warranted?
Issue No. 1: Is there a denial of due process of law when the tribunal before which appellant's dismissal is appealed includes appellant's successor in office?
Appellant sought to recuse one of the five members of the Personnel Board on the basis that, at the time of the hearing, he held the position of Distribution Superintendent, the position from which plaintiff was dismissed. After a conference of the board it was announced that the member did not feel he should recuse himself and the board denied the motion to recuse. The member participated in the hearing and in the board's decision. The record does not disclose the number of members voting to approve or disapprove the commissioner's action, or how the member in question voted.
As noted by the chairman of the board in announcing the decision on the motion to recuse, appellant did not petition for reinstatement to this particular position but to any position in city employment consistent with the rules of the Personnel Board. The record does not indicate any provision of law or rule that would require reinstatement of appellant to the particular position he previously held in the event his discharge is determined to have been without cause. There is no showing in the record that the member's position as Distribution Superintendent was in jeopardy or would be affected by the outcome of appellant's case. There is no showing that he was not in a position to make a fair and impartial judgment based on the evidence presented at the hearing. The record does reflect that the member was a duly-elected member of the board, having been elected by the classified employees of the city. The mere fact that he presently held the position from which appellant was suspended some 14 months prior to the hearing does not in and of itself constitute good cause for recusation, or raise a presumption of denial of due process, fair play, or a fair hearing. The burden was on appellant to establish facts showing interest, bias, or prejudgment on the part of the member, which facts are not established by the record.
Issue No. 2: Is there sufficient evidence to support the charges of misconduct?
The next issue to be considered is whether there was sufficient evidence adduced to supported the charges of alleged misconduct. At the outset, the scope of review of an appellate court in this type matter should be considered. The city cites numerous cases including Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); City of Opelousas v. Scrantz, 360 So.2d 1379 (La.App. 3d Cir. 1978); Johnson v. Department of Finance, 354 So.2d 766 (La.App. 4th Cir. 1978); Bennett v. Division of Administration, 307 So.2d 118 (La.App. 1st Cir. 1974), writ refused 310 So.2d 841 (1975), in support of its contention that the appellate court has no jurisdiction to review findings of fact of the board and that if there is any evidence to support the board's *1020 findings, the decision must be affirmed. We hold that under present law, the scope of review of the court is not so narrowly confined.
The Louisiana Constitution of 1974, Art. 5, § 10(B), Scope of Review, with effective date of midnight December 31, 1974, provides:
"Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts."
We find no such limitation to questions of law within the provisions of the constitution or any statute applicable to this case. Therefore, the scope of review of this court is the same here as in any civil case, and extends to both law and facts.
Leggett v. Northwestern State College, supra, and Bennett v. Division of Administration, supra, were both decided prior to the enactment of the 1974 Constitution under the Constitution of 1921, Art. 14, § 15(0)(1) which limited judicial review of decisions of the Civil Service Commission to questions of law. The limitation contained in the 1921 Constitution was not carried forward in the 1974 Constitution. City of Opelousas v. Scrantz, supra, is distinguishable from the present case because in that case the court was determining the scope of review of the appellate court on appeals concerning firemen and policemen, governed by special articles in the constitution and revised statutes not applicable to other municipal employees. The holding of the Fourth Circuit in Johnson v. Department of Finance, supra, decided in 1978 and based on pre-1975 cases, apparently did not take into account the changes in the law after the effective date of the 1974 Constitution. As previously noted, Art. 14, § 15(0)(1) was not carried forward in the 1974 Constitution, but was replaced by Art. 10, § 12, applicable to state civil service and certain municipal civil service systems. That article provides that decisions of a civil service commission are "subject to review on any question of law or fact upon appeal to the court of appeal." It should be noted that in Herbert v. Department of Police, 362 So.2d 1190 (La.App. 4th Cir. 1978), decided after the Johnson case, involving an appeal from a civil service commission's determination the Fourth Circuit held:
"... the standards of appellate review of findings of fact in Civil Service Commission cases necessarily must be the same as those which exist with regard to cases arising in the trial courts. The reviewing court must give great weight to the factual conclusions of the trier of fact. Canter v. Koehring Co., 283 So.2d 716 (La.1973)."
See also Brown v. L. H. H. R. A., 346 So.2d 758 (La.App. 1st Cir. 1977).
Although the Personnel Board made no written findings of fact, it is to be presumed that the board found facts sufficient to afford a legal basis for its decision. Southern Bell Tel. & Tel. Co. v. Roy Cook & Sons, Inc., 218 So.2d 404 (La.App. 2d Cir. 1969). Unless there is a lack of sufficient evidence to support the board's decision, and unless the decision is clearly wrong or manifestly erroneous, it must be affirmed.
Having determined that the appellate court's scope of review of the board's decision extends to both law and facts, it is appropriate to review the evidence in this case. The evidence establishes the following facts in connection with the five charges:
(1) In December, 1975, two city employees installed a tile floor at Petrus' home during regular working hours. They were transported to and from the house in city trucks which were assigned to the employees on a 24-hour basis. The employees were at the house about four hours. No city materials, supplies, or tools were used. The materials were furnished by Petrus. He paid one of the employees $10 or $20 for his work;
(2) City employees built a playhouse for Petrus at the city shop with city tools and equipment during regular working hours. The project took about two days time over a one week period. Some city scrap materials and paint were used. Petrus supplied *1021 some materials. The playhouse was delivered to Petrus' home by city employees in a city truck;
(3) In August, 1975, a city employee painted the walls of the living/dining room in Petrus' home during regular working hours. No city materials or equipment were used;
(4) In October, 1976, city employees dug a ditch around a leaking gas line at Petrus' home during regular working hours in connection with repairs being made to the line by a plumbing company. The employees were transported to and from his house in a city truck. The time involved in doing this work was 30 to 45 minutes; and
(5) In February, 1976, at Petrus' suggestion, his son arranged with Bill Hanna Ford to buy a used truck that was being traded in to Hanna by the city. Parts totaling $44 were purchased for the truck and paid for by the city. Petrus paid the city this amount about a year later when he learned of the purchase and after the investigation had started. City employees did a minor tune-up and adjustments, some minor body work, and painted the truck. Some of the work was done in the city shop and some was done in a shop at the home of one of the city employees. Most of the work was done during regular working hours. The work involved about 11 to 14 hours.
A classified employee may be dismissed for cause, if the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962); Stiles v. Dept. of Pub. Saf., Drivers' Lic. Div., 361 So.2d 267 (La.App. 1st Cir. 1978).
The incidents established by the evidence are, separately, relatively minor and petty and resulted in only minimal personal benefit to Petrus or his family, with only minimal waste or expense to the city. Most of the incidents were carried through at the instance of Petrus' subordinates rather than through his direct order. Nevertheless, his allowing a number of separate incidents to take place and thereby at least tacitly approving those practices demonstrated a pattern of conduct which could only impair the efficient use of city employees' time and the efficiency of the public service in which appellant was engaged. His acceptance of favors by city employees on city time was inconsistent with good management practices. Taken as a whole, his actions or inactions in relation to these incidents could reasonably be considered as inefficiency, or neglect of duty as superintendent of the department, and as cause for his dismissal from the position by the appointing authority.
Issue No. 3: Is the penalty of job dismissal warranted?
Whether Petrus' actions were serious enough to warrant dismissal as opposed to some lesser disciplinary action, particularly in view of his otherwise excellent record of dedicated service and efficiency over many years as established by the evidence,[2] is more within the discretion of the appointing authority and the Personnel Board than within the province of a reviewing court. The evidence does not establish that either the appointing authority or the board exercised their discretion in an arbitrary, capricious, or discriminatory manner, and their judgment and discretion should not be disturbed by the court. Petrich v. Dept. of Safety and Permits, 339 So.2d 539 (La.App. 4th Cir. 1976); Allen v. LaSalle Parish Sch. Bd., 341 So.2d 73 (La.App. 3d Cir. 1976), writ refused 343 So.2d 203 (La.1977); Simon v. Jefferson Davis Parish School Board, 289 So.2d 511 (La.App. 3d Cir. 1974), writ refused 293 So.2d 178 (La.1974); Peshoff v. Firemen's Pension & Relief Fund, 167 So.2d 197 (La.App. 3d Cir. 1964).
The judgment of the district court is affirmed at appellant's costs.
Affirmed.
NOTES
[1] Neither the City Charter of the City of Shreveport nor the Rules of the Personnel Board appear in the record. However, both parties seem to be in agreement as to the content and applicability of the provisions cited in the briefs of the parties and this court has accepted the representations of the parties in this regard in deciding this appeal.
[2] Former Commissioner Collins and former Mayor L. Calhoun Allen, and other witnesses, testified at the hearing or by letter as to Petrus' tireless, dedicated, efficient service to the city. His personnel file contains numerous reports attesting to the capable and efficient manner in which he carried out his duties during his 13 years employment by the city.