384 So.2d 471 (1980)
W. A. WHITE, Plaintiff-Appellant,
v.
CITY OF WINNFIELD FIRE DEPT. et al., Defendant-Appellee.
No. 14,117.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
Rehearing Denied June 12, 1980.
Gravel, Roy & Burnes by Robert L. Royer, Alexandria, for plaintiff-appellant.
Simmons & Derr by Kermit M. Simmons, Winnfield, for defendant-appellee City of Winnfield.
*472 Sanders & Castete, Ltd., A Professional Law Corp., by Martin S. Sanders, Jr., Winnfield, for appellee Winnfield Fire & Police Civil Service Bd.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied June 12, 1980.
JONES, Judge.
Plaintiff, W. A. White, appeals a judgment sustaining his dismissal as a fireman with the City of Winnfield Fire Department ("Department"). Plaintiff's dismissal had earlier been affirmed by the Winnfield Fire & Police Civil Service Board ("Board"). We reverse.
The stipulation of facts presented to the Board shows that White served as a volunteer fireman for the Department for 23 years until he was appointed a permanent fireman in 1970. He served in the position of permanent fireman until he was dismissed December 12, 1978 by Byron Tullos, Department Fire Chief, who notified White by letter that he was dismissing him for failure to comply with Chapter 7, Section 7-21 of the Winnfield Code of Ordinances. This provision requires that all firemen reside in the City of Winnfield. White resided outside the Winnfield boundaries. In December, 1977 the City Council had passed a resolution reiterating its long established policy:
"that all employees of the City of Winnfield whether in the classified or the unclassified service, be and they are hereby required to reside within the geographic limits of the City of Winnfield to insure the proper discharge of their duties of the various departments of the city."
On October 8, 1978 the City Council instructed the mayor to request all firemen living outside Winnfield to move inside the boundaries. On October 10, 1978 the mayor wrote White a letter advising him to move into the city limits within 60 days as required by the Code of Ordinances. White failed to establish his residence in the city limits within the 60 day period and was discharged from the fire department by the fire chief.
White appealed his dismissal to the Winnfield Fire & Police Civil Service Board which affirmed his dismissal. He then appealed to the District Court for Winn Parish, which also affirmed his dismissal.
White complains that the trial court erred because (1) the fire chief did not have the power to dismiss him as he was not the appointing authority, (2) the Winnfield Code of Ordinances relating to firemen is invalid because it is in conflict with LSA-R.S. 33:2531-2568, the Fire & Police Civil Service Law for small municipalities, and (3) his dismissal was not made for cause. Because we find White's dismissal was not for cause as required by LSA-R.S. 33:2561 we do not reach the other two issues raised by White.
In the decision of Martin v. City of St. Martinville, 321 So.2d 532 (La.App. 3d Cir. 1975), the court interpreted the provisions of LSA-R.S. 33:2561, which provides that the action of the appointing authority and the reviewing board must be made in good faith for cause, to require that the evidence establish the action of dismissal to have been taken in good faith and for cause. The court there stated:
"LSA-R.S. 33:2561 provides, in substance, that the issue to be determined by the Police Civil Service Board or by the district court, in the event an appeal is taken to that court, is whether the decision of the appointing authority or of the board was `made in good faith for cause', as set forth in the Fire and Police Civil Service Law for small municipalities (LSA-R.S. 33:2531-2568). We interpret that to mean that the action of the appointing authority, in order to be valid, must be both `in good faith' and `for cause'. The action of that authority must be set aside if it was not taken `for cause', even though it may have been taken in good faith. Our particular concern here is whether the suspension or dismissal of plaintiff Martin was made `for cause'." Id. at 535.
The court stated that for the cause to be a basis for dismissal it must require the dismissal for the continued efficiency of the *473 service being rendered to the appointing authority. The rationale of the court was as follows:
"We believe that in order for the dismissal or the disciplining of a tenured police officer to be valid, as being in good faith for cause under LSA-R.S. 33:2561, the dismissal or disciplinary action must be reasonably necessary for the continued efficiency of the service being rendered by the appointing authority. The evidence must show that the failure to dismiss or discipline the officer would be detrimental to the city or to the service which it is required to perform. * * * His dismissal cannot be said to have been `for cause', if the evidence fails to show that it was necessary for the discipline and efficiency of the police department, or that it was needed to avoid some detriment to that department or to the city." Id. at 535.
See also Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962), wherein the supreme court was reviewing the action of the State Civil Service Commission and there defines cause as follows:
"Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Of course there must be a real and substantial relation between the conduct of the employee and the efficient operation of the public service; otherwise legal cause is not present, and any disciplinary action by the commission is arbitrary and capricious." Id. 140 So.2d at 9, 10.
The facts as reflected in a written stipulation between the City of Winnfield and appellant established:
A. White has performed his duties as a fireman in a competent manner during his 32 years of service as a volunteer and permanent fireman and that he has never received a reprimand.
B. White's work or duty hours were "Twenty-four hours on and forty-eight hours off" and during his forty-eight off hours he had no duty or obligation to answer fire calls.
There is no contention that White failed to properly perform his duties as fireman during his twenty-four hour shifts or that he is guilty of any misconduct that impairs the efficient operation of the Winnfield Fire Department.
The sole cause given for White's dismissal was his failure to reside in the Winnfield city limits and there can be no remote relation between where he spends his 48-hours off-duty and the efficiency of the fire department because during his 48-hours offduty he is not on call nor does he have any duty or obligation to answer fire calls. We observe that even should the facts have been that White was required to answer fire calls during his 48 off-duty hours, the facts do not reveal how far his residence is beyond the city limits or that it is farther from the fire station than it could have been had it been located at some places within the city limits. There is a total absence of any evidence to establish that the off-duty residence requirement has any relationship to the efficiency of the Winnfield Fire Department. The appointing authority has shown appellant's violation of a city ordinance requiring him to live in the city limits, but has failed to show that appellant's residence outside the city has caused the fire department to be less efficient or has impaired the department's fire protection capabilities. This conclusion is supported by two letters introduced into evidence from Joe Allelo, Supervisor of Municipal Protection of the Property Insurance Association of Louisiana. The supervisor states that the Public Protection Classification is unaffected by White's residence outside the city limits. No additional deficiency points are given by the Property Insurance Association if a paid man, such as White, lives outside the Winnfield corporate limits. The Property Insurance Association is in a most strategic position to determine whether a compensated fireman's residence outside the city would impair the efficiency of the fire protection service (and thereby raise the insurance premiums).
Since there was no lawful dismissal for cause, the judgment is REVERSED and W.
*474 A. White is restored to his civil service classification with full salary from the date of his dismissal (December 12, 1978) and with retention of all ancillary benefits and status. See Martin v. City of St. Martinville, supra.
Appellant is assessed with all costs.