MARVIN, Judge.
Ms. Smiley appeals a judgment upholding her dismissal as a classified police officer of the defendant city. LRS 33:2561. She contends that the trial court erred in finding her dismissal was in good faith and for cause and that White v. City of Winnfield Fire Department, 384 So.2d 471 (La.App. 2d Cir.1980), should control.
White involved the same resolution of the city, adopted in 1977, which is here presented and which requires all city employees to reside within the city “to insure the proper discharge of . .. duties of the various departments of the city.”
*681 White did not pass on the authority of a city to adopt such a policy but reversed White’s discharge as a city fireman because it was not shown that the services of the fire department were rendered less efficient or were impaired by reason of White’s residing outside the city limits. Fireman White had been employed many years before the 1977 resolution was enacted and had lived outside the city. He was fired in 1978 when he refused to move into the city limits. White worked 24 hours on and 48 hours off duty and it was shown that he was not on call when off duty. We noted “a total absence of any evidence to establish that the off-duty residence requirement has any relationship to the efficiency of the ... Fire Department.” 384 So.2d at p. 473.
Ms. Smiley, on the other hand, knew of the city’s policy before she accepted employment in 1977. In order to obtain her position, she moved from Sikes into the city limits of Winnfield. She moved outside the city limits in 1981, knowing of the effect of the resolution. Ms. Smiley was subject to being “called” to work as a radio operator when she was off duty, even though such calls did not frequently occur. It was also shown that all employees of the police department resided within the city and were on call when off duty.
The rule in question, here, the city’s residence requirement, must bear a real and substantial relation to the public service offered by the particular department. McIntosh v. Monroe Mun. Fire, etc., 389 So.2d 410 (La.App. 2d Cir.1980). Subsections 3 and 15 of LRS 33:2500, subd. A contemplate that a municipal employee may be discharged for the “commission ... of any act ... contrary to the public interest or policy” or for “willful violation of any ... rule, regulation or order adopted under [statutory] authority.” Fireman McIntosh was discharged because of his violation of a department rule which prohibited “intoxication while off duty.” 389 So.2d at p. 412. McIntosh was on call when off duty. We said, “intoxication off duty and on-call can be reasonably presumed to affect the efficiency of the public service offered by the fire department.” 389 So.2d at p. 413.
The critical issue is whether the city’s residence requirement for employees bears a real and substantial relation to the services offered and expected by the police department and whether the efficiency of the department would be affected by violation of the requirement. Under the circumstances shown by this record, where all police department employees are on call when off duty, and where Ms. Smiley was aware of the requirement when she accepted employment, we answer the issue in the affirmative. It is not injudicious to speculate that the ability of the police department to respond in full force to emergencies would be affected if any sizeable percentage of its employees who were off duty, but on call, resided at varying distances outside the city limits.
The evidence supports the conclusion that Ms. Smiley was discharged by the city in good faith and for cause. She was informed on June 16, 1981, that unless she moved back into the city limits she would be discharged effective July 1, 1981.
At appellant’s cost, judgment is AFFIRMED.