565 So.2d 473 (1990)
Terry SHIELDS and Robert Helmka, Plaintiffs-Appellees,
v.
CITY OF SHREVEPORT, et al., Defendants-Appellants.
No. 21179-CA.
Court of Appeal of Louisiana, Second Circuit.
March 20, 1990.
On Rehearing August 22, 1990.
*474 Charles C. Grubb, City Atty., Lydia M. Rhodes, Asst. City Atty., Shreveport, for defendants-appellants.
Ronald J. Miciotto, Shreveport, for plaintiffs-appellees.
Before MARVIN, FRED W. JONES, Jr., and HIGHTOWER, JJ.
MARVIN, Judge.
In this civil service appeal arising out of the termination of two police officers for drinking in uniform while serving as "security" at a high school alumni reunion at a Shreveport motel, the district court, while commending the Chief and the Civil Service Board of Review for removing the officers from active duty, found that the discipline was excessive and not in "good faith" and remanded for "more appropriate disciplinary action." LRS 33:2501.
This appeal by the City and the Board questions the authority or the scope of review of the district court and the correctness, in fact and in law, of its judgment. See LRS 33:2501 E(3); Newman v. Department of Fire, 425 So.2d 753 (La.1983), citing LRS 49:964 G(5).
We affirm.

FACTS
The Board's factual findings are not contested. The officers accepted the opportunity to serve as private security for pay at the party after their regular duty hours ended. A city ordinance apparently requires security at some private parties.
Refusing, instead of accepting, drinks that were offered them by the party-goers, they drank whiskey which they purchased from a nearby liquor store, having driven there in a marked police car while in uniform. As the party began to wind down, one of the officers went to sleep in a corner area of the lobby of the motel. The officers were paid and departed when the party ended. The party-goers who testified at the board hearing complimented the conduct and demeanor of the officers at the party.
A report about the officers' drinking, however, provoked a pre-disciplinary hearing by the Chief of Police. The Chief placed them on administrative leave and directed them to the Employee Assistance Program "to find out about their drinking problem." This program is available to City employees who seek assistance in coping with personal problems, including alcoholism, that interfere with their City duties. There, each officer revealed his respective lengthy abuse of alcohol while off duty. This abuse was confirmed by an independent chemical dependency service, which opined that both officers were alcoholics. Three days after the service rendered its reports, the Chief fired the officers for "drinking on duty."
On appeal by the officers, the Civil Service Board, after an evidentiary hearing, upheld the termination of each officer by a vote of 3-2. The appeal to the district court followed. Evidence before the board included a psychiatric opinion elicited by each officer that he had an alcohol dependency problem.
The district court effectively found that the officers' drinking at the party did not cause them or the department specific impairment or detriment, but only general detriment because they were deemed to have been "on duty" while on the private *475 security assignment in uniform, contrary to department and statutory regulations. See LRS 33:2500A(6). This conclusion is supported by the record.
Legal "cause" for discipline, however, is not questioned by the officers or the district court. We shall assume, as did the district court, that legal cause for some discipline was warranted in that "the conduct of the employee impaired the efficiency of the public service." Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5, 9 (La.1962).
The district court commended the action of the Chief in removing the officers from active law enforcement. The record and the district court's reasons for judgment suggest the conclusion that most City employees with a drinking problem would be offered some rehabilitative assistance under the City's program before being terminated. The district court's reasons also suggest that all employees, including police officers, should be encouraged to reveal their abuse of alcohol and to seek assistance from the City's program.

REVIEW OF BOARD DISCIPLINE
The trial court considered the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794, and Craighead v. Administrator, Dept. of Empl. Security, 420 So.2d 688 (La.App. 2d Cir.1982), writ denied. Those authorities afford some relief to some employee-alcoholics in other situations, but are only remotely analogous and shall not be discussed because they are not directly applicable to the specific issues presented in this appeal.
When a civil service employee appeals disciplinary action taken against him by the appointing authority (here, the Chief of Police), the Board is "confined to the question of whether the action ... was made in good faith for cause set forth in the provisions of this Part." § 2501 B.
An appeal of the Board's decision "shall be confined to a determination of whether the decision made by the board was made in good faith and for cause under the provisions of this Part." § 2501 E(3). The statutory standard for appellate judicial review of actions under civil service laws is more detailed in LRS 49:964(G):
The court may affirm the decision ... or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, or conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
See Newman v. Department of Fire, supra, City of Kenner v. Pritchett, 432 So.2d 971 (La.App. 5th Cir. 1983).
In Newman, the authority of a court to modify civil service disciplinary action by remanding was recognized, but the court's modification was not upheld because it was not shown that the discipline was arbitrary or capricious. In City of Kenner, the district court's modification of the civil service board's discipline was upheld. We agree that a "chief of police ... has the discretion to take disciplinary actions where there exists sufficient cause ... and is answerable for departmental actions. Because an officer is the first to be terminated for violation of departmental rules does not alone constitute bad faith.... However, each case is subject to the scrutiny of appellate review and must be decided according *476 to the particular facts of that case." 432 So.2d at 974.
LRS 33:2501 E(3), confining court review to determining whether the discipline was imposed in "good faith for cause," should be read in the light of LRS 49:964(G), which details the permissible extent of court review.
Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the efficient operation of the public service. The appointing authority must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. Newman, 425 So.2d at 754.
Thus, the critical question in this appeal from the district court's judgment is not whether that court has authority to review civil service discipline, but whether that court's judgment is correct in concluding expressly that the Board did not act in "good faith" (LRS 33:2501) and, impliedly, that the Board was arbitrary and capricious or abused its discretion (LRS:49:964(G)) in upholding the termination of the officers. Stated simply, the question is how substantial the relationship is between the improper conduct and the "efficient operation" of the department, or whether the board's discipline (punishment) fits the civil service employee's infraction or violation (crime). Newman, at p. 754.
Here the officers were "drinking while in uniform ... technically deemed to be `on duty.'" Their conduct at the private security assignment received the compliments of the party-goers who testified. They did not flaunt their drinking, but nonetheless, the fact that they purchased whiskey which they drank while in uniform, generally discredited the police department.
We shall not speculate whether their discipline would have been something less than termination if the evidence showed that they were not otherwise abusive of alcohol while off-duty. This record shows that this evidence apparently stemmed from the Chief's direction that they be "evaluated" by the City's Coordinator of the Employee's Assistance Program "to find out about the officer's drinking problem." It is to the credit of the officers that they revealed their abuse of alcohol when off-duty. All employees should be encouraged to make such revelations.
We see no reason why a police officer who reveals his or her abuse of alcohol, or drinking problem, should be treated differently from other employees. All employees should be encouraged to seek rehabilitative help in this respect. This is not to say, however, that in other circumstances a police officer or fireman whose conduct impairs the efficiency of the public service should not be terminated. See McIntosh v. Monroe Municipal Fire and Police Civil Service Board, 389 So.2d 410 (La.App. 2d Cir.1980), writ denied. Each case must be decided on its own circumstances. City of Kenner, supra.
We have summarized the express and implied reasons of the district court for finding that the termination of the officers was not in "good faith" and remanding for imposition of some lesser discipline. There are no credibility disputes in this record.
The preponderance of the evidence, especially in light of the 3-2 vote of the Board, establishes that the City did not show that there was a real and substantial relationship between the officers' conduct at the party and the efficient operation of the police department. The punishment was arbitrary and capricious or an abuse of discretion and did not fit the violation. Discipline less than termination should have been imposed.

DECREE
The district court's judgment is affirmed. To the extent authorized by law, costs are assessed to appellants.
HIGHTOWER, J., dissents with written reasons.
*477 HIGHTOWER, Judge, dissenting.
No law enforcement agency should be required to retain officers such as these.
Simply stated, the majority finds it to be "arbitrary and capricious" for a police chief to fire two policemen for drinking on duty. Appellees, while in uniform and performing security duty, purchased two pints of whiskey and consumed alcohol, even to the point of one officer falling asleep in public view.
Nor was this, as disclosed by the record, the first occasion for these officers of the law to be in violation of departmental rules and regulations. Among other earlier disciplinary actions, they had both been fined five days' pay for drinking on duty while assigned to a patrol car about two years earlier. Also, in August 1985, Shields was suspended for five days without pay for striking a youngster and using derogatory language toward a mother and her young daughter. Helmka received a letter of reprimand for his involvement in the same incident.
A Civil Service Board decision, if made in good faith and for legal cause, should not be disturbed by the judiciary. LSA-R.S. 33:2501 E(3). The majority, at first, correctly recognizes that limitation. However, it subsequently assumes some necessity to "detail[ ] the permissible extent of court review," and then proceeds to engraft the provisions of LSA-R.S. 49:964(G) onto the principle. Using that statute as a fulcrum, the authority is finally raised for a court to modify a board's action.
To resort to the Administrative Procedure Act, of which 49:964 is a part, is inappropriate. That statute expressly excludes a board or entity of a local political subdivision from its applicability. LSA-R.S. 49:951(2). See also LSA-Const. Art. 6, § 44 (1974). Nor does Newman v. Department of Fire, supra, authorize such an approach. There, LSA-R.S. 49:964(G)(5) is only tangentially mentioned and the issue of court authority to modify is never addressed. Moreover, compared to the Shreveport Municipal Fire and Police Civil Service Board, other distinctions exist concerning the commission involved in Newman, distinctions which it is presently unnecessary to review.
Admittedly, without soliciting the provisions of LSA-R.S. 49:964(G)(5), a standard of arbitrariness may be pertinent when considering the issue of "good faith." The dismissal of a police officer does not occur "in good faith" if the appointing authority acted arbitrarily or capriciously, or as the result of prejudice or political expediency. The dismissal cannot be said to have been "for cause" if the evidence fails to show that it was necessary for the discipline and efficiency of the police department, or that it was needed to avoid some detriment to that department or to the city. Martin v. City of St. Martinville, 321 So.2d 532 (La. App. 3rd Cir.1975). In law, "arbitrary" or "capricious" means the absence of a rational basis. Bicknell v. United States, 422 F.2d 1055 (5th Cir.1970).
The trial court, as the majority observes, did not question the Board's finding of "legal cause" for dismissal. Instead, it was acknowledged that the actions of the officers mandated disciplinary action. The court indeed commended "the action of the Chief of Police in removing these officers from active law enforcement duties," but disagreed with the decision to terminate their employment.
Thus, our inquiry properly is limited to the issue of good faith on the part of the Civil Service Board, of which the court stated:
We are, therefore, of the opinion that the Civil Service Board of Review did not act in good faith in confirming the discharge of appellants. Further far more appropriate disciplinary action was available and should have been utilized, including the requirement that these individuals enter the recommended course of treatment for their handicap....
This finding of bad faith was based on evidence concerning diagnoses of alcoholism, which the court opined that the Board ignored. The district court also interpreted and applied Section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (1982), to preclude the discipline imposed. Of course, the majority concedes that neither *478 that statute nor Craighead, supra, upon which appellees heavily rely, support the lower court's disposition.
Although some City of Shreveport employees may well be offered rehabilitation before dismissal, I disagree that the record establishes that most such employees with drinking problems have been so treated. Nor is it the province of courts to draw on their own views of social policy, and then substitute their notions for those which have guided the officials to whom policy execution has been entrusted. When judges usurp executive functions, they venture onto treacherous grounds.
Few professions affect public safety in the same way as police officers; a policeman's use of alcohol on the job constitutes a direct threat to the safety of others. Even the psychiatrist called by appellees stated that Shields' condition interfered with his functioning as a police officer, and that it would be in his and society's best interest if he no longer engaged in that endeavor. Helmka's problems were indicated to be yet more substantial.
On the occasion involved, these two officers had a duty to perform, that of providing security. Obviously, however, they were derelict in that duty when they twice left the premises to purchase whiskey, and when asleep. The evidence also logically casts into doubt their ability to perform their responsibilities throughout the evening. Fortunately, an emergency situation did not arise.
Unquestionably, their actions posed a serious danger to the safety of others and also precipitated, as necessary to the efficient operation of a law enforcement agency, the police chief's actions. It is important, concerning employees sworn to uphold public trust, that a public service department be permitted to set appropriate standards of conduct. Consequently, the Shreveport Police Department was not obliged to offer rehabilitation to the officers prior to their termination.
Neither did the Board act in bad faith in ratifying the dismissals. The evidence clearly revealed that both officers openly violated departmental regulations. Moreover, a trial court is not free to substitute its opinion as to appropriate disciplinary action when it is shown that officers violated a valid departmental regulation, and that disciplinary action was necessary for the efficiency of the department and to avoid detriment to the public. The decision of the Board should not be overturned on appeal, even as to the severity of the discipline, unless the record reveals an abuse of discretion, or an insufficiency of supporting evidence. McIntosh v. Monroe Municipal Fire and Police Civil Service Board, 389 So.2d 410 (La.App. 2d Cir.1980), writ denied, 395 So.2d 1363 (La.1981); Petrus v. Guin, 378 So.2d 1016 (La.App. 2d Cir.1979). A district court cannot overrule a decision of the Civil Service Board merely because it disagrees with the penalty imposed. The court cannot substitute its judgment for that of the board. Dumez v. Houma Municipal Fire and Civil Service Board, 408 So.2d 403 (La.App. 1st Cir.1981).
Because this record clearly establishes adequate reason not to require a law enforcement agency to retain appellees, I would reverse the decision of the trial court and reinstate the actions of the Shreveport Municipal Fire and Police Civil Service Board dismissing Officers Shields and Helmka.
The majority's action frustrates the public's expectation that only competent officers will serve in their law enforcement agencies. I therefore respectfully dissent.
Before HALL, MARVIN, FRED W. JONES, Jr., NORRIS and HIGHTOWER, JJ.

ON REHEARING
HIGHTOWER, Judge.
On the application of appellants, we granted a rehearing to reconsider our affirmance of a judgment of the district court reinstating two Shreveport police officers to employment after the Municipal Fire and Police Civil Service Board sustained their dismissals. We now reverse that judgment.
Both terminations arose from the purchase and consumption of alcoholic beverages *479 by the officers, Terry Shields and Robert Helmka, while in uniform and performing security services at a private party, a high school class reunion, on the night of June 27, 1987. They were fired for violations of departmental rules and civil service statutes.

FACTS
Understanding that a city ordinance mandated security, organizers of the event had contacted the Shreveport Police Department to request that two officers be provided for employment at the reunion. A desk sergeant inquired as to Shields' interest in the extra duty job, and Shields, in turn, approached Helmka with the proposition.[1] Both officers later admitted purchasing and consuming alcoholic beverages while in uniform and performing security duty for the affair. Helmka fell asleep in public view at the hotel where the party occurred. The record also establishes that both officers, who were paid directly by the organizers, left the reunion without notifying anyone.
An investigation ensued when the improper conduct was reported to the police department. Following a pre-disciplinary hearing, the Chief of Police placed the officers on administrative leave and directed them to the Employee Assistance Program[2] to be evaluated for any drinking problem. There, assessment by an independent chemical dependency service was suggested. That service, the next day, reported an impression of both Shields and Helmka being alcoholics. Three days later, however, they were dismissed by the police chief for violations of Shreveport Police Departmental Rules and Regulations. As noted in the dissenting opinion, other transgressions by these same individuals had previously occurred.
Subsequent to being discharged, appellees were evaluated by private psychiatrists who opined that both of them had an alcohol dependency problem. The officers appealed their dismissal to the City of Shreveport Municipal Fire and Police Civil Service Board, which upheld the termination by a vote of three to two.
Shields and Helmka then appealed their termination to the district court, alleging that the Board's decision was not supported by the law or evidence presented at the hearing. They later amended their petition to allege that the Board erred when it failed to consider their alcoholism as a defense. The trial judge concluded that the officers should not have been terminated, but instead should have been offered rehabilitation.
The City of Shreveport and the Board now appeal, seeking reinstatement of the Board's decision. Appellants assert that the district court erred both in its review of the facts presented to the civil service board, and in its interpretation of the law, including its interpretation of Section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (1982).

DISCUSSION
LSA-R.S. 33:2500 provides that a civil employee may be discharged or subjected to disciplinary sanctions for any one of fifteen statutorily stipulated reasons, including the following:
(1) Unwillingness or failure to perform the duties of his position in a satisfactory manner.
. . . .
(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.

*480 . . . .
(5) Conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and, any dishonest, disgraceful, or immoral conduct.
(6) Drinking vinous or spirituous liquors while on duty or reporting to duty while under the influence of liquor.
(7) The use of intoxicating liquors, or habit forming drugs, liquid, or preparation to the extent which precludes the employee from performing the duties of his position in a safe or satisfactory manner.
. . . .
(14) The willful violation of any provision of this part or of any rule, regulation, or order thereunder.
These grounds for removal of civil employees have been construed to describe any conduct on the part of public employees which substantially detracts from, or impairs the efficiency of, the public service department by which the employee is employed. Linton v. Bossier City Municipal Fire and Police Board, 428 So.2d 515 (La. App. 2d Cir.1983); McIntosh v. Monroe Municipal Fire and Police Civil Service Board, 389 So.2d 410 (La.App. 2d Cir.1980), writ denied, 395 So.2d 1363 (La.1981); Dumez v. Houma Municipal Fire and Police Civil Service Board, 408 So.2d 403 (La. App. 1st Cir.1981).
LSA-R.S. 33:2501 sets out the standard of administrative review that civil service boards are to employ in scrutinizing, upon appeal, disciplinary actions taken by the appointing authority against civil servants. A board is to vacate the disciplinary action if it is not established that the action was taken in good faith and for one of the causes delineated in LSA-R.S. 33:2500. Linton v. Bossier City Municipal Fire and Police Board, supra. The civil service board may affirm the appointing authority's disciplinary action only "if the evidence is conclusive." LSA-R.S. 33:2501. Although the appointing authority has the burden of proof, it is not required to prove its case beyond a reasonable doubt, but merely by a preponderance. Linton, supra; Herbert v. Department of Police, 362 So.2d 1190 (La.App. 4th Cir.1978).
A civil service board determination, if made in good faith and for legal cause, should not be disturbed by the judiciary on appeal. LSA-R.S. 33:2501 E(3). Deference is granted to the factual conclusions reached below, before court review. Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir. 1980), writ denied, 399 So.2d 602 (La.1981). More specifically, a board's findings of fact are entitled to the same weight as those made by a trial court, and are not to be overturned absent manifest error. City of Kenner v. Wool, 433 So.2d 785 (La.App. 5th Cir.1983); Department of Public Safety v. Rigby, 401 So.2d 1017 (La.App. 1st Cir.1981), writ denied, 406 So.2d 626 (La. 1981).
The dismissal of a police officer does not occur "in good faith" if the appointing authority acted arbitrarily or capriciously, or as the result of prejudice or political expediency. Martin v. City of St. Martinville, 321 So.2d 532 (La.App. 3rd Cir.1975). In law, "arbitrary" or "capricious" means the absence of a rational basis. Bicknell v. United States, 422 F.2d 1055 (5th Cir.1970). The dismissal cannot be said to have been for "cause" if the evidence fails to show that it was necessary for the discipline and efficiency of the police department, or that it was needed to avoid some detriment to that department or to the city. Martin v. City of St. Martinville, supra.
In the case at hand, the trial court did not question the Board's finding of "legal cause." Rather, it was acknowledged that the actions of the officers mandated disciplinary action. The court indeed commended "the action of the Chief of Police in removing these officers from active law enforcement duties," but disagreed with the decision to terminate their employment.
Our inquiry, then, is properly limited to the issue of good faith on the part of the Civil Service Board, of which the court stated:
We are, therefore, of the opinion that the Civil Service Board of Review did not act in good faith in confirming the discharge *481 of appellants. Further far more appropriate disciplinary action was available and should have been utilized, including the requirement that these individuals enter the recommended course of treatment for their handicap....
This finding of bad faith was based on the evidence concerning alcoholism, which the court deemed that the Board ignored.
Although the trial court felt that the violations could not be considered voluntary in light of the officers' demonstrated alcoholic tendencies, we find no jurisprudential or factual support for that proposition. To the contrary, even Dr. Hayes, the psychiatrist called by appellees, testified that medically speaking an alcoholic "has a choice of whether to drink or not to drink." Thus, the acts of these two officers should not be considered involuntary.
Appellees take heavy reliance upon Craighead v. Administrator Department of Employment Security of State of Louisiana, 420 So.2d 688 (La.App. 2d Cir.1982), writ denied, 422 So.2d 154 (La.1982), holding that a claimant's involuntary absence from work, due to acute alcoholism, did not constitute grounds for disqualification from unemployment compensation benefits under the Louisiana Employment Security Law, LSA-R.S. 23:1471 et seq. That opinion, of course, concerned absenteeism, not misconduct (use of alcohol) on the job, and arose under remedial social legislation designed for liberal construction toward its beneficiaries, not the present statute subjecting civil employees to disciplinary sanctions. Certainly, the interpretations made in that instance, under that law, are not controlling here.
Nor do we find the Board acted in bad faith in ratifying the dismissals. The evidence presented clearly revealed that both officers openly violated departmental regulations. Unquestionably, the actions of the two policemen posed a serious danger to the safety of others and also precipitated, as necessary to the efficient operation of a law enforcement agency, the police chief's actions. It is important, concerning employees sworn to uphold public trust, that a public service department be permitted to set appropriate standards of conduct. Consequently, the Shreveport Police Department was not obliged to offer rehabilitation to the officers prior to their termination.
Moreover, a trial court is not free to substitute its opinion as to appropriate disciplinary action when it is shown that officers violated a valid departmental regulation, and that disciplinary action was necessary for the efficiency of the department and to avoid detriment to the public. The decision of the board will not be overturned on appeal, even as to the severity of the discipline, unless the record reveals an abuse of discretion, or an insufficiency of supporting evidence. McIntosh v. Monroe Municipal Fire and Police Civil Service Board, supra; Petrus v. Guin, 378 So.2d 1016 (La.App. 2d Cir.1979). A reviewing court cannot overrule a decision of a municipal civil service board merely because it disagrees with the penalty imposed; the court cannot simply substitute its judgment for that of the board. Dumez v. Houma Municipal Fire and Civil Service Board, supra; Patrick v. Lake Charles Municipal Fire and Police, 344 So.2d 1121 (La. App. 3rd Cir.1977). See also Marchiafava v. Baton Rouge Fire and Police Civil Service Board, 233 La. 17, 96 So.2d 26 (1957). Cf. Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978), writ denied, 365 So.2d 247 (La.1978).
Finally, as noted in the dissenting opinion, Section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (1982), does not preclude the discipline imposed.
The original majority opinion is recalled and vacated. At appellees' costs, we now reverse the decision of the trial court and reinstate the actions of the Shreveport Police and Civil Service Board dismissing Officers Shields and Helmka.
REVERSED.
MARVIN, J., dissents for reasons assigned in original opinion.
FRED W. JONES, Jr., J., joins in dissent of MARVIN, J.
NOTES
[1] On appeal, counsel for appellees contends the officers were not on duty and, thus, the regulations were inapplicable. The officers were charged under the general provisions of LSA-R.S. 33:2500, and also with the violation of numerous departmental rules and regulations. Adoption of such rules and regulations is contemplated by LSA-R.S. 33:2500(A)(14), and the provisions of the cited Shreveport Departmental Rules, especially with respect to the consumption of alcohol while wearing the police uniform, are not limited to on-duty activities.
[2] This service, available on a by-choice basis to City of Shreveport departments and employees, seeks to assist employees in managing personal problems that interfere with performance of their duties.