VICTORY, Judge.
Plaintiff, former police Lieutenant Patrick N. Pearson, appeals a decision by the trial court which affirmed a ruling by the Municipal Fire & Police Civil Service Board for the City of Shreveport denying his request to withdraw his previously submitted letter qf retirement, which Pearson claimed he was coerced into signing. We affirm.
FACTS
Pearson, employed by the Shreveport Police Department for nearly twenty years, became involved in a dispute with the department in late 1986 and early 1987. The department claimed Pearson was conducting an unauthorized investigation into the alleged illegal voting status of a fellow officer, and that he had illegally tape recorded a conversation with the Chief of Police. As a result of this dispute, on January 19, 1987, Pearson submitted a written request to retire effective March 3, 1987, after he would have achieved the minimum twenty years necessary for retirement. However, on February 20, 1987, he submitted a letter to the department attempting to withdraw his retirement letter. On April 28, 1987, Pearson was informed by the police department that he would not be rehired. This led to Pearson filing a request, on May 13, 1987, with the Municipal Fire and Police Civil Service Board for the City of Shreveport for a hearing and investigation in accordance with LSA-R.S. 33:2501(A).
On May 19, 1987 the Board declined to hold the requested hearing, finding that it lacked jurisdiction and that a hearing would not be in the public interest. Pearson responded by filing a mandamus action with the First Judicial District Court requesting that the Board be ordered to conduct a hearing and investigation of the matter. On September 29, 1987, the district court granted Pearson’s requested mandamus and ordered the Board to conduct a hearing. Because the Board took no action, on December 9, 1987 Pearson filed a rule for contempt with the district court alleging that the Board had failed to hold the hearing ordered in the mandamus judgment. While this rule was pending, the Board met on December 22, 1987 to consider Pearson’s case, but took no evidence, again stating that it had no jurisdiction to hear the matter because Pearson’s request for a hearing was not filed within 15 days of signing his retirement letter. Pearson then amended his contempt rule alleging that the Board’s December 22nd ruling did not comply with the original mandamus order.
The district court found that the December 22nd meeting of the Board complied with the mandamus order and that the Board was not in contempt of court. Pearson appealed the district court’s ruling to this court which reversed, finding that the Board was, in fact, in contempt of court and that the Board could not determine its own jurisdiction. See Pearson v. Municipal Fire & Police Civil Service Board for the City of Shreveport, 535 So.2d 515 (La. App.2d Cir.1988), writ denied, 539 So.2d 634 (La.1989). This court allowed the Board to purge itself of its contempt by holding the requested hearing.
On May 2-9, 1989 the Board held the hearing and unanimously found that Pearson was not coerced into signing the retirement letter, and that, in any event, there were sufficient grounds for his termination on January 19, 1987. Pearson sought judicial review of this decision in the district *1041 court which upheld the ruling on December 6, 1991, reasoning that even though there was some evidence to the contrary, the Board was not manifestly erroneous in its decision because the ruling was made in good faith for cause. It is from this ruling that Pearson now appeals.
DISCUSSION
Pearson asserts two main arguments: (1) there was insufficient evidence adduced at the Board’s hearing to justify the determination that his retirement was not coerced; and (2) in the alternative, his actions were insufficient to warrant termination.[1]
In his first argument, Pearson asserts that the findings of the Board were not supported by the record. LSA-R.S. 33:2501 sets out the standard of review that civil service boards are to employ in scrutinizing, upon appeal, actions taken by the appointing authority against civil servants. A board may affirm the appointing authority’s action if the evidence is conclusive, but is to vacate the disciplinary action if it is not established that the action was taken in good faith for cause. LSA-R.S. 33:2501(C)(1). The appointing authority must prove its case by a preponderance of the evidence. Shields v. City of Shreveport, 579 So.2d 961 (La.1991); Linton v. Bossier City Municipal Fire & Police Civil Service Board, 428 So.2d 515 (La.App. 2d Cir.1983). On appeal from an adverse decision of a civil service board, review shall be confined to a determination of whether the decision made by the board was made in good faith for cause. Shields v. City of Shreveport, supra.
The dismissal of a police officer does not occur “in good faith” if the appointing authority acted arbitrarily or capriciously, or as the result of prejudice or political expediency. Martin v. City of St. Martinville, 321 So.2d 532 (La.App. 3d Cir.1975), writ denied, 325 So.2d 273 (La.1976). “Arbitrary or capricious” means the lack of a rational basis for the action taken. Shields v. City of Shreveport, supra. The dismissal cannot be said to have been for “cause” if the evidence fails to show that it was necessary for the discipline and efficiency of the police department, or that it was needed to avoid some detriment to that department or to the city. Martin v. City of St. Martinville, supra.
Although we are reviewing facts surrounding the submission of a retirement letter and not the actual dismissal of a police officer, we must still determine whether the Board’s rulings were made in good faith for cause. The board made the following factual findings:
1. There was no coercion associated with the execution and delivery of Pearson’s retirement letter.
2. Pearson’s retirement letter was accepted by the Appointing Authority and became effective March 3, 1987.
3. Sufficient grounds for Pearson’s termination existed on January 19, 1987.
While admitting that he investigated the voting status of another officer and that he surreptitiously tape recorded meetings with Chief Gruber and Captain Marshall Nelson of the Internal Affairs Division, Pearson claims he was coerced into signing the retirement letter when then Chief of Police Gruber allegedly told him on January 19, 1987, "You’re going to resign or I’m going *1042 to fire you.” Pearson asserts that Chief Gruber also threatened possible criminal action against him. Chief Gruber testified that Pearson, confronted with these charges, suggested that he be given the option to retire rather than have to face the charges. Chief Gruber stated that he allowed Pearson to retire because he felt it would be best for the police department. If the police department was justified in proceeding administratively against him on these charges, then it cannot be said that Pearson was coerced into signing his retirement letter when he was presented with these options.
Shreveport Police Department Rule No. 346 states that “an officer shall not undertake any investigation or other police action not part of the officer’s regular police duties without obtaining permission from a superior officer.” Pearson testified that he was authorized by then Assistant Chief Burns to investigate the voting status of a fellow police officer, who allegedly was registered to vote in both Marshall, Texas and in Shreveport. However, the record reveals significant evidence indicating that Pearson was not authorized to conduct the investigation into his fellow officer’s voting status. Along with Chief Gruber, Captain Marshall Nelson, who conducted an internal affairs investigation into whether Pearson was authorized to investigate a fellow officer, testified that Pearson lacked authorization. Both stated that all of the assistant chiefs, including Burns, specifically denied giving Pearson authorization for the investigation. Although there is evidence indicating that Pearson’s investigation was authorized by Assistant Chief Burns, including testimony from Burns and acting Chief Cash, it cannot be said that the Board acted arbitrarily or capriciously, nor that it committed manifest error, in its apparent determination based on the credibility of the witnesses that no authority was given for this investigation.
As the trial judge stated in his written opinion, the Board had the opportunity to hear and weigh the witnesses’ testimony, and where conflicting testimony existed, judge the credibility of the witnesses. A civil service board’s findings of fact are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. Shields v. City of Shreveport, supra; City of Kenner v. Wool, 433 So.2d 785 (La.App. 5th Cir.1983). A reviewing court cannot overrule a decision of a municipal civil service board merely because it disagrees with the penalty imposed; the court cannot simply substitute its judgment for that of the board. Dumez v. Houma Municipal Fire and Police Civil Service Board, 408 So.2d 403 (La.App. 1st Cir.1981).
There is no dispute that Pearson recorded a face to face conversation with Chief Gruber and another with Captain Nelson without their knowledge. However, Pearson claims that he, as a police officer, had authority to tape record conversations, citing LSA-R.S. 14:322. While we doubt the applicability of LSA-R.S. 14:322 to the facts of this case, there is no evidence that Pearson was acting in any authorized investigative capacity when he tape recorded conversations with Chief Gruber and Captain Nelson. These covert tape recordings, along with Pearson’s unauthorized investigation of his fellow officer, amount to acts of insubordination which interfere with the efficient operation of a police department. This evidence would clearly justify the department proceeding administratively against Pearson.
Apparently the Board determined that Chief Gruber, at the request of persons who contacted him on behalf of Pearson, allowed Pearson the option to retire instead of facing administrative and/or criminal charges. He was not compelled or forced to retire, but was given that option as an alternative to answering the charges. Fortunately for Pearson he chose retirement. We now know as a result of the Board’s decision that if Pearson had chosen to face the charges and had been terminated, the Board would have upheld his termination and he would have been ineligible for retirement because he then lacked twenty years’ service. In making the choice he did, Pearson was allowed to use his accrued *1043 vacation time before his retirement became effective to reach the minimum twenty-years of service required to retire.
There was sufficient evidence presented to the Board to establish by a-preponderance of the evidence that the appointing authority was justified in proceeding administratively against Pearson, and that no coercion existed when Pearson elected to retire rather than face the charges.
Alternatively, Pearson argues that his actions did not warrant termination from the police department. Implicit in the Board’s finding that there was no coercion, is that the appointing authority was justified in proceeding administratively on the charges against him. Indeed, the Board unanimously held that Pearson’s actions were sufficient grounds for his termination as of January 19, 1987. Even if one were to. view Pearson’s investigation of his fellow officer as authorized, the surreptitious recordings made by Pearson of meetings with the Chief of Police and the head of Internal Affairs Division who were investigating Pearson’s actions, were alone sufficient grounds to justify his discharge.
As was mentioned above, the Board’s findings of fact are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. Shields v. City of Shreveport, supra. There is ample evidence to support that the Board’s decision was made in good faith for cause.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. Pearson also argues that the district court, in its initial September 29, 1987 ruling which ordered the Board to conduct a hearing, found that there was coercion associated with the presentation of Pearson’s retirement letter. Pearson asserts that this finding should become the "law of the case”, citing Petition of Sewerage and Water Board of New Orleans, 278 So.2d 81 (La.1973), which, he argues, would invalidate his retirement letter and cause him to be reinstated retroactive to the date of his termination, irrespective of the Board’s findings. However, the question before the district court was not whether Pearson was coerced into signing the retirement letter, but rather whether a writ of mandamus should be granted ordering the Board to conduct a hearing into that question. A writ was granted ordering the Board to conduct a hearing. Irrespective of the district court’s statements about coercion, the district court, did not have authority to rule on this question. The Board is the body charged with taking evidence and making this determination, subject to review by the courts. LSA-R.S. 33:2500 et seq.