765 So.2d 1245 (2000)
CITY OF SHREVEPORT, Plaintiff-Appellee,
v.
Joey M. WILLIS and The Municipal Fire & Police Civil Service Board of The City of Shreveport, Defendant-Appellee.
No. 33,680-CA.
Court of Appeal of Louisiana, Second Circuit.
August 25, 2000.
*1246 Cynthia R. King, Shreveport, Counsel for Appellant.
Gary M. Parker, Shreveport, Counsel for Appellee, City of Shreveport.
Captain Danny Glass, Counsel for Appellee, Municipal Fire & Police Civil Service Board.
Before BROWN, WILLIAMS and DREW, JJ.
WILLIAMS, Judge.
The appellant, Joey M. Willis, seeks review of a district court judgment reinstating his termination from civil service employment. For the following reasons, we reverse and remand with instructions.

FACTS AND PROCEDURAL HISTORY
Joey Willis was employed as a corporal with the Shreveport Police Department. On August 26, 1998, Willis traveled to Minden, Louisiana with the intent of disciplining his sixteen-year-old daughter, Alicia Ridley. Mary Drew, Alicia's mother, had requested that Willis come to Minden and discipline his daughter. At the time of the incident, Willis was dressed in his police uniform and carrying all of his department-issued equipment, including his handgun and handcuffs.
According to Willis, when he confronted his daughter, she retaliated by attempting to hit him with a stick and a hammer. After Willis disarmed his daughter, he handcuffed her, placed her face-down on the floor and whipped her with his department-issued leather belt. Minden police officers were called to the scene and Willis was arrested and charged with cruelty to a juvenile, a violation of LSA-R.S. 14:93. The charges were ultimately dismissed at the mother's request.
On September 10, 1998, the Shreveport Police Department terminated Willis' employment because of the incident with his daughter. Willis subsequently appealed to the Municipal Fire & Police Civil Service Board ("Board"). On April 23, 1999, the Board conducted a hearing consisting of testimony from witnesses including Willis, his wife, Shreveport Police Department employees and the Minden Police Department investigating officers. The Board found that the Shreveport Police Department had acted in good faith for cause; however, the Board voted to modify the disciplinary action from termination to a 90-day suspension with mandatory counseling. The City of Shreveport subsequently appealed the Board's decision to the district court.
The City argued that based on the present incident and Willis' disciplinary history,[1] the Board's decision should be reversed. *1247 Ultimately, the district court overturned the decision of the Board and reinstated the decision of the Shreveport Police Department to terminate Willis' employment. In its findings of fact and reasons for judgment, the court did not find that the Board had failed to act in good faith for cause. Rather, in its conclusions of law, the trial court stated, inter alia:
[O]nce the Civil Service Board found that the Shreveport Police Department had terminated Corporal Willis with cause, in good faith, and had not acted arbitrarily or capriciously, the Board was required by law to affirm the decision of the Department.
Willis now appeals the district court's judgment reinstating his termination.

DISCUSSION
On appeal, Willis argues that the trial court erred in finding that the Shreveport Police Department had not acted arbitrarily and capriciously and that the Board could not modify the punishment imposed by the police department.
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing.[2] The employee may appeal to the Board and the burden of proof on appeal, as to the facts, is on the *1248 appointing authority to establish by conclusive evidence that the action taken was in good faith and for cause. LSA-R.S. 33:2501(C)(1).
LSA-R.S. 33:2501(E) grants any appointing authority the right to appeal any decision or action of the Board that is prejudicial to the appointing authority. The appeal is limited to the determination of whether the Board's decision was made in good faith for cause. A civil service board's decision, if made in good faith and for legal cause, should not be disturbed by the district court on appeal. Shields v. City of Shreveport, 565 So.2d 473 (La.App. 2d Cir.), writ granted, 571 So.2d 637 (La. 1990), aff'd, 579 So.2d 961 (La.1991). The district court should accord deference to a civil service board's factual conclusions and must not overturn them unless they are manifestly erroneous. Shields v. City of Shreveport, supra. More importantly, a district court is not free to substitute its opinion as to appropriate disciplinary action when it is shown that officers violated a valid departmental regulation, and that disciplinary action was necessary for the efficiency of the department and to avoid detriment to the public.
Although this court has in dicta given a different interpretation, see City of Bossier v. Gauthier, 512 So.2d 623 (La.App. 2d Cir.1987), writ denied, 514 So.2d 1182 (La. 1987), a close analysis of LSA-R.S. 33:2501 in its entirety, and Section (C)(1) in particular, reveals that the statute not only enables the board to affirm the decision of the Shreveport Police Department to discipline Willis, but it also allows the board to modify the action. Section A of the statute provides that the board is charged with determining the "reasonableness" of the department's action. In keeping with that charge, Section (C)(1) provides:
After the investigation ... the board may, if the evidence is conclusive, affirm the action of the appointing authority."
By use of the permissive "may" rather than the mandatory "shall," the legislature has given the board the authority to reject the "action" of the appointing authority even when the evidence produced by the investigation is conclusive. The statute provides that the term "action" is used to refer both to discharge and to corrective or disciplinary action.
By its terms, the statute requires reinstatement when the board finds that the appointing authority's action was not taken in good faith for cause. The statute is clearly designed to protect the employee from political or otherwise arbitrary action by the appointing authority. By providing for retroactive reinstatement and back pay, the legislature apparently contemplated the relative rarity of actions not in good faith for cause. Good faith is linked to the decision to discipline by the appointing authority, not to the degree of the disciplinary action taken. Hardison v. Natchitoches Municipal Fire & Police Civil Service Board, 614 So.2d 354 (La. App. 3d Cir.1993).
Section (C)(1) also provides that the board may modify the order of removal, suspension, demotion, discharge or other disciplinary action by directing a suspension without pay, for a given period. This portion of the statute is the legislative grant of authority to the board to modify the action of the appointing authority. It provides the flexibility required by the board's authority to determine the reasonableness of the appointing authority's action.
The board decided that punishment was appropriate for Willis, but decided to modify that punishment to a 90-day suspension plus mandatory counseling. The statute empowering the board allows the board to uphold the decision of the appointing authority to discipline the employee while modifying the punishment specified by that authority.
However, we note that the board's authority to modify punishment is not unbridled. Indeed, when the board declines to affirm a disciplinary decision made in good faith for cause, the statute allows the board only to "[direct] a suspension without *1249 pay, for a given period." The board's order did not explicitly make Willis' suspension without pay. Moreover, there is no authority in the statute for the board to order that Willis undergo counseling.
Although an appeal is taken from the judgment and not from reasons for judgment, Walsworth v. Municipal Fire & Police Civil Service Board of the City of Shreveport, 567 So.2d 712 (La.App. 2d Cir. 1990), we believe that the district court's error of law concerning the board's authority to modify the discipline imposed by the Shreveport Police Department requires this court to reverse the decision of the district court and remand this case. A civil service board's decision, if made in good faith and for legal cause, should not be disturbed by the district court on appeal. McDonald v. City of Shreveport, 26,877 (La.App.2d Cir.5/10/95), 655 So.2d 588. A reviewing court cannot overrule a decision of a municipal civil service board merely because it disagrees with the penalty imposed; the court cannot simply substitute its judgment for that of the board. Pearson v. Municipal Fire and Police Civil Service Board, 609 So.2d 1038 (La. App. 2d Cir.1992).

CONCLUSION
We reverse the district court's judgment. The district court is directed to remand the case to the Municipal Fire & Police Civil Service Board of the City of Shreveport so that the Board may determine the proper disciplinary action for Joey Willis consistent with LSA-R.S. 33:2501(C)(1) and this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Willis was involved in three separate incidents that were grouped into one disciplinary action. One incident occurred on March 9, 1996 and involved an argument with a girlfriend at a local nightclub. Another incident occurred on March 17, 1996, and involved an altercation with a girlfriend at a local nightclub. On April 20, 1996, Willis was charged with unbecoming conduct, firearms policy violation and unauthorized person in his police vehicle. According to the record, Willis had his three-year-old daughter in his police vehicle with him. Willis received a thirty-day suspension. He was advised to contact the City of Shreveport Employee Assistance Program for instruction on domestic violence, substance abuse and conflict resolution, and to submit to a psychological fitness for duty evaluation.
[2] LSA-Const. art. 10 § 8(A) provides:

Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.
LSA-R.S. 33:2501 provides:
A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.
. . .
C. (1) After the investigation provided for in Subsection B of this Section, the board may, if the evidence is conclusive, affirm the action of the appointing authority. If they find that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action. The board may modify the order of removal, suspension, demotion, discharge, or other disciplinary action by directing a suspension without pay, for a given period.
. . .
E.(1) Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie directed to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.
(2) The appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of the appeal, stating the grounds thereof and demanding that a certified transcript of the record, or written findings of facts, and all papers on file in the office of the board affecting or relating to such decision, be filed with the designated court. The board shall, within ten days, after filing of the notice of appeal, make, certify, and file the complete transcript with the designated court, and that court shall thereupon proceed to hear and determine the appeal in a summary manner.
(3) This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds and except as provided in Subsection D of this Section.