I,STEWART, J.
Sheena Kim White (“White”) appeals a judgment rendered by the First Judicial District Court on December 17, 2003, affirming a February 12, 2003, decision of the Shreveport Municipal Fire and Police Civil Service Board (“Board”) which determined that White’s termination from the Shreveport Police Department was in good faith and for legal cause. For the following reasons, we reverse the termination and render judgment awarding her full pay and employment benefits from the date of reinstatement together with legal interest.
FACTS
On July 12, 2002, White, an eleven-year veteran of the Shreveport Police Department, entered the Shreveport Police Department’s property room in between morning and afternoon appearances at the Shreveport City Court where she had been subpoenaed to testify. While off-duty, she went to the property room to pick up a bullet proof vest that she had requested a few days earlier.
The property room is located on Texas Street in downtown Shreveport. According to the testimony, visitors enter from the street through a glass door into a reception area. On the opposite wall is a sliding glass window, and to the right of the window is a door which remains locked. Beyond the door is a uniform room where used equipment is kept. Officers are allowed to be in this area unsupervised and to select used items they need. While there was varying testimony about the procedure used in obtaining these items, then-Lieutenant David Crawford, the supervisor of | ¡¿he area,[1] testified that officers were welcome to any of the items in that room, and no notation was made of the items they took. Beyond the uniform room is a second area where other property and evidence are kept and which officers are not allowed to enter unescorted.
When White went to the property room on the day in question, she was attended to by Crawford. Crawford helped White with the issuance of her new vest in the restricted area of the property room. While trying on her new vest, White asked whether she could get another badge cover *1219 because hers was worn out. Crawford indicated that he had some brand new ones but that they had been earmarked for the new recruits. However, he located a used one and gave it to White for use in the interim. Crawford then escorted White back to the unrestricted area of the property room before turning his attention to other business. It appears undisputed that as White walked out, she picked up a second used badge cover which was laying on a computer desk in the unrestricted area. She did not ask permission nor inform anyone that she was taking it.
When Crawford noticed that the used badge cover was missing, he tried to contact White via e-mail on her patrol car computer. When he received no response, he reported the incident to Lieutenant J.C. Davis, the area commander at the time of the incident[2]. Later that afternoon, White reported for roll call where Lieutenant Davis asked her to report to his office |3once roll call was over. When White reported to Davis’ office, Crawford was present and asked White where were the badge covers. She indicated they were in her car. Crawford followed White out to her car where White retrieved a total of three badge covers from her trunk and from the console inside the vehicle. There is some dispute as to whether all three badge covers were turned over to Crawford or only two, but there appears to be no dispute that at the very least Crawford received the two badge covers which White had obtained from the property room earlier that day.[3] White never denied taking the extra badge cover.
' White was placed on administrative leave and the matter was turned over to Internal Affairs for investigation. After conducting an investigation,- Sgt. Larry Cunningham obtained a warrant for White’s arrest on the charge of unauthorized use of a movable. White was informed of the warrant and offered the courtesy of turning herself in at the Caddo Correctional Center, which- she did. The charges wqre eventually dismissed..
Thereafter, a preliminary disciplinary conference was conducted. Chief Roberts concluded that White’s conduct constituted a violation of the law. In reviewing her file, he also determined that she had been disciplined on one prior occasion, specifically in 1998. While she was originally terminated for that conduct, the Board ultimately reinstated her and amended the disciplinary action to a 90-day suspension without pay. The details ,of the conduct leading to that disciplinary action are not contained in |4the record. Consequently, Chief Roberts concluded that the present violation coupled with the prior disciplinary action warranted White’s termination.
White appealed the termination to, the ■Board. .A hearing was held on February 12, 2003, after which the Board voted 4-3 to uphold the appointing authority’s termination of White. White appealed to the First Judicial District Court which conducted a review of the record and affirmed the Board’s decision. The instant appeal followed,
DISCUSSION
La.- R.S. 33:2500 provides the circumstances under which police department civ *1220 il service employees may be subject to disciplinary action by their appointing authority. Chief Roberts, as the appointing authority for the Shreveport Police Department, was authorized under La. R.S. 33:2500 to terminate or otherwise discipline White for any of the grounds enumerated therein.
If the civil servant wants to appeal the action of the appointing authority, he has the right to demand in writing within 15 days of the action a hearing and investigation by the civil service board to determine the reasonableness of the action. The Board is then to allow the appointing authority and the civil servant a hearing in which they are to be afforded the right to be heard and allowed to present evidence to show that the action was or was not taken in good faith and for cause. La. R.S. 33:2501.
If, in reviewing the disciplinary actions taken by the appointing authority against civil servants, the Board determines that the action was |5taken in good faith and for one of the causes delineated in La. R.S. 33:2500, it should affirm the disciplinary action. Moreover, a civil service board’s determination, if made in good faith and for legal cause, should not be disturbed by the judiciary on appeal. La. R.S. 33:2501 E(3); Walsworth v. Municipal Fire & Police Civil Service Bd. of City of Shreveport, 567 So.2d 712 (La.App. 2d Cir.1990). However, the dismissal cannot be said to have been for “cause” if the evidence fails to show that it was necessary for the efficiency and orderly operation of the police department, or that it was needed to avoid some detriment to that department or to the city. Pearson v. Municipal Fire and Police Civil Service, 609 So.2d 1038 (La.App. 2d Cir.1992).
Moreover, a trial court is not free to substitute its opinion as to appropriate disciplinary action when it is shown that officers violated a valid departmental regulation, and that disciplinary action was necessary for the efficiency of the department and to avoid detriment to the public. The decision of the Board will not be overturned on appeal, even as to the severity of the discipline, unless the record reveals an abuse of discretion, or an insufficiency of supporting evidence. McIntosh v. Monroe Municipal Fire and Police Civil Service Board, 389 So.2d 410 (La.App. 2d Cir.1980).
After reviewing the record in its entirety we find that there is insufficient evidence to support the finding that White engaged in any conduct which would rise to the level of the violations enumerated in La. R.S. 33:2500 as justifying disciplinary action. The evidence indicates that | ¿when White asked to be provided a new badge cover, she was informed that all the new ones were earmarked for new recruits. Instead, she was given a used one. On her way out, and while in an area containing used equipment which officers were by all accounts welcome to take without accountability, White picked up a newer, but still used, badge cover from a computer desk.
If then-Lieutenant Crawford was correct in his testimony that he informed White she could not have a new badge cover, White’s action in picking up the used badge cover from the unrestricted area would not have been in violation of that directive. There is no indication in the record that White was ever told that the particular badge cover she took was one that Crawford had earmarked for a new recruit. Accordingly, while Crawford may have meant for White not to take that badge cover, it appears very likely from the evidence presented that she was not aware of it and simply picked up the item from an area where officers were custom *1221 arily allowed to help themselves without any formal accountability.
While we do not find it impossible to believe that White may have engaged in the conduct of which she was accused, we find that the appointing authority failed to show by a preponderance of the evidence that she did in fact engage in that conduct. Having failed to show that she engaged in the conduct in the first place, the Board could not properly have found that the conduct would interfere with the orderly and efficient operation of the police department.
CONCLUSION
Accordingly, we reverse White’s termination and render judgment reinstating her employment retroactive to the date of her original |7termination and awarding her full pay and benefits from the date of her reinstatement, together with legal interest thereon until paid. The cost of this appeal is to be borne by the City.
REVERSED AND RENDERED.

. Crawford testified that he was a Lieutenant at the time of the incident in question but was subsequently promoted to Captain. He has since retired from the Shreveport Police Department.

. White testified that because she was off-duty she did not have her patrol car computer on and, thus, was unaware that Crawford had attempted to e-mail her.

. While Crawford testified that the confrontation with White happened on the day after she went to the property room, his testimony is uncorroborated. All other witnesses familiar with the events were in general agreement that all the pertinent events transpired on the same day.