914 So.2d 635 (2005)
Billy Raymond WOODS, Jr., Plaintiff-Appellant,
v.
CITY OF SHREVEPORT, Defendant-Appellee.
John Walter Ivory, Plaintiff-Appellant,
v.
City of Shreveport, Defendant-Appellee.
Nos. 40,393-CA, 40,394-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 2005.
*636 Pamela R. Jones, Shreveport, for Appellants.
Edward F. Jones, Assistant City Attorney, for Appellee, City of Shreveport.
Billy Casey, Shreveport, for Appellee Municipal Fire and Police Civil Service Board for the City of Shreveport.
Before GASKINS, PEATROSS and LOLLEY, JJ.
GASKINS, J.
The plaintiffs in these consolidated appeals, Billy Raymond Woods, Jr., and John Walter Ivory, appeal a decision of the district court upholding a ruling by the Shreveport Municipal Fire and Police Civil Service Board (Board), suspending the plaintiffs for insubordination. For the following reasons, we affirm the district court decision.

*637 FACTS
Both plaintiffs are captains in the Shreveport Fire Department. Woods claimed that on several occasions he requested leave under the Family Medical Leave Act to care for his wife. He contended that his requests were unfairly denied. Ivory claimed that on one occasion, he was involved in a dispute about whether he was rude to a female co-worker during a telephone conversation. An internal investigation cleared him of wrongdoing. Ivory contended that Shreveport Fire Chief Kelvin Cochran ordered him to write a letter of apology anyway, under threat of further discipline.[1]
Woods and Ivory took their complaints to the Shreveport City Council (City Council) in June 2003, claiming violation of their civil rights, violation of the City of Shreveport's harassment policy, and creation of a hostile work environment. When Cochran was advised of this action, he ordered the two, in writing, to furnish him with detailed complaints, citing the law and policies they felt had been violated, in order that he could address the City Council's questions at its next meeting. Woods responded by letter, in part:
As the Chief of the Department, you should be fully aware of FMLS, First Amendment, and CSHP-Hostile Work Environment policies, laws and the violation of each. Your obligation to the City Council or the Mayor due to the allegations and complaints falls on your administration, not me.
He further declined to respond but was willing to appear in person at the council workshop meeting to support all allegations and complaints.
Ivory also responded by letter, refusing to comply with Cochran's order:
Chief, I am respectfully requesting to appear in person at the workshop on June 23, 2003, to answer any and all questions, allegations, and complaints about the Shreveport Fire Department policies, and furthermore, as to any violations of Civil Rights and the City's harassment policies.
The letter also directed the chief that any future communication be directed to his attorney.
Due to the failure of the plaintiffs to respond to the order for information regarding their complaints, Cochran charged them with insubordination. Ivory was also charged with fraud and deception, based on the contention that he was inaccurate in telling the City Council that he would be fired if he refused to write the letter of apology.[2]
On August 27, 2003, a predisciplinary conference was held. On August 30, 2003, Ivory was placed on a 60-day suspension by the fire department. Woods received a 45-day suspension. On October 6, 2003, the plaintiffs were informed that, pursuant to the new Shreveport Fire Department/Shreveport Police Department Corrective Action Scoring Procedure, their suspensions were reduced. Ivory's 60-day suspension was reduced to 30 days. Woods' suspension was reduced to 10 days.
Both Woods and Ivory appealed their suspensions to the Board. According to the plaintiffs, prior to the hearing by the *638 Board, they retained counsel and filed a federal suit against the City of Shreveport and Cochran, alleging retaliation for exercise of their rights under the First Amendment. The plaintiffs contend that, as settlement negotiations were conducted on the lawsuit, there was an understanding that the hearing on the appeal to the Board would be continued. The hearing by the Board on these matters was continued on two occasions. The plaintiffs claim that two days prior to their scheduled hearing date on July 14, 2004, the City informed them that it was no longer interested in settling the matter and wanted to proceed with the Board hearing.
On July 14, 2004, the plaintiffs requested another continuance which was denied. They represented themselves at the hearing, but argued that the refusal to continue the matter violated due process. They claimed that they were not able to subpoena their witnesses and present evidence at the hearing.
The Board found that both plaintiffs were insubordinate, but overturned the fraud and deception charge against Ivory. His suspension was reduced to 20 days. Woods' 10-day suspension was affirmed.
The plaintiffs appealed the finding of the Board to the district court, claiming that the failure to grant the continuance by the Board violated their right to due process because they were not able to subpoena their witnesses and present evidence at the hearing. The plaintiffs contended that, because all evidence pertaining to the suspensions was not presented, the Board's decision was in bad faith and without cause.
The district court held a hearing on the appeal on October 25, 2004. The court reviewed the transcripts of the denial of the continuance and of the Board's hearing. The parties also submitted briefs on the issues raised. The district court affirmed the Board. The court found that the requests for a continuance were properly denied and there were no violations of the plaintiffs' due process rights. According to the court, there was no agreement between the parties to continue the hearing while settlement negotiations were conducted. Rather, there was only an incorrect inference to that effect drawn by the plaintiffs. The court found that the plaintiffs had ample opportunity to prepare for the hearing and that they failed to do so. The court also noted that there was no showing that the plaintiffs were prejudiced by not calling witnesses. They made no offer of proof regarding the testimony that might have been adduced had the witnesses been subpoenaed.
The district court found that there was ample evidence to support the charges of insubordination against the plaintiffs. They were given a direct order to provide "specific incidents and facts regarding the allegations made to the Council" and they failed to comply with the order.
The plaintiffs have appealed the district court decision. They argue that the district court erred in finding that they had been insubordinate, and in finding that they had been disciplined in good faith and for cause. The plaintiffs also contend that they were denied due process when the Board denied their request for a continuance.

LEGAL PRINCIPLES
La. R.S. 33:2500 provides the circumstances under which classified civil servants, such as the plaintiffs, may be subject to disciplinary action by their appointing authority. That statute provides in pertinent part:
A. The tenure of persons who have been regularly and permanently inducted into positions of the classified service *639 shall be during good behavior. However, the appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons:
(1) Unwillingness or failure to perform the duties of his position in a satisfactory manner.
(2) The deliberate omission of any act that it was his duty to perform.
(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.
(4) Insubordination.
After the appointing authority dismisses or disciplines a civil service employee, that individual has a right to appeal the decision to the Board under La. Const. Art. 10, § 8(A), which states:
No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.
La. R.S. 33:2501 specifies the procedure for perfecting such an appeal. That statute specifies in pertinent part:
A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.
On appeal to the civil service board, the burden of proof as to the facts is on the appointing authority. La. Const. Art. 10, § 8(A). The Board may only affirm the appointing authority's disciplinary action if the evidence is conclusive. La. R.S. 33:2501(C)(1); Linton v. Bossier City Municipal Fire and Police Civil Service Board, 428 So.2d 515 (La.App. 2d Cir.1983). Although the appointing authority has the burden of proof, it is not required to prove its case beyond a reasonable doubt, but merely by a preponderance. Shields v. City of Shreveport, 565 So.2d 473 (La.App. 2d Cir.1990), affirmed, 579 So.2d 961 (La.1991).
The dismissal (or discipline) cannot be said to have been for "cause" if the evidence fails to show that it is necessary for the efficient and orderly operation of the department or that it was needed to avoid some detriment to the department or the city. Pearson v. Municipal Fire and Police Civil Service Board for City of Shreveport, 609 So.2d 1038 (La.App. 2d Cir.1992).
If, in reviewing the disciplinary action taken by the appointing authority against civil servants, the Board determines that the action was taken in good faith and for one of the causes delineated in La. R.S. 33:2500, it should affirm the disciplinary action. Moreover, a civil service board's determination, if made in good faith and for legal cause, should not be disturbed by the judiciary on appeal. White v. Municipal Fire & Police Civil Service Board of the City of Shreveport, 38,942 (La.App.2d Cir.9/22/04), 882 So.2d 1217; City of Shreveport v. Willis, 33,680 (La.App.2d Cir.8/25/00), 765 So.2d 1245.
Any employee or appointing authority dissatisfied with the determination *640 of the Board may appeal its decree directly to the district court of original and unlimited jurisdiction in civil suits in the parish where the board is domiciled. La. R.S. 33:2501; Linton v. Bossier City Municipal Fire and Police Civil Service Board, supra. The standard of review employed by the district court is the same as employed by the civil service board; the appointing authority's disciplinary action will not be disturbed if taken in good faith and for cause set forth in La. R.S. 33:2500, discussed above. The Board's factual findings will be upheld unless manifestly erroneous or arbitrarily capricious. Linton v. Bossier City Municipal Fire and Police Civil Service Board, supra. "Arbitrary and capricious" means the lack of a rational basis for the action taken. Pearson v. Municipal Fire and Police Civil Service Board, supra.

DISCIPLINEGOOD FAITH AND FOR CAUSE
The plaintiffs maintain that they were not insubordinate in refusing to comply with Cochran's order to furnish information regarding their complaints. They urge that public employees are not required to submit to unreasonable or unlawful orders. The plaintiffs assert that Cochran's order was unreasonable. They claim that the information demanded was available to Cochran through the City Council. They maintain that the request was designed to intimidate the plaintiffs to deter them from returning to the City Council.
The plaintiffs also assert that Cochran did not act in good faith in disciplining them. They maintain that the suspensions were imposed in retaliation for complaining to the City Council. According to the plaintiffs, their complaints are public speech which is protected by the First Amendment of the United States Constitution. They claim that criticism of a chief officer or department head is protected speech, especially when made to a governmental entity or agency with the authority to act on the complaint. The plaintiffs maintain that their statements about the fire chief were on issues of public concern.
Ivory makes the additional argument that the order was illegal as to him. He maintains that he went to the City Council partially as a service-member representative of the Board, and that he conveyed concerns about Cochran brought to him by others as well as making his own complaint regarding the letter of apology. Ivory asserts that Cochran has no authority to compel the Board or any of its members to divulge information about complaints or to research and write memos for him. According to the plaintiffs, their refusal to comply with Cochran's order did not impair the operations of the department.
The plaintiffs complained to the Shreveport City Council that the fire chief and the department were not acting fairly regarding them and other firefighters. The fire chief then ordered the two to fully set forth and document their complaints so that they could be addressed. The order by the chief, requiring the plaintiffs to fully inform him of the nature of their complaints, was not burdensome, oppressive, unfounded, or in any way unfair. The order was not unreasonable or unlawful. The plaintiffs do not dispute that they refused to respond to this direct order. Under the circumstances presented, the fire department, as the appointing authority for the plaintiffs, imposed discipline necessary to maintain the efficient and orderly operation of the department. The plaintiffs disregarded a direct order by a superior, aimed at addressing their complaints. The Board was not manifestly erroneous or arbitrary or capricious in finding that the plaintiffs' failure to comply *641 with the order constituted insubordination requiring the imposition of suspensions. The district court correctly upheld that determination.
The record further shows that the plaintiffs were disciplined for failing to comply with an order to furnish information about their complaints. There is nothing to substantiate their claims that the discipline imposed was retaliation for exercise of First Amendment rights in addressing the City Council. Therefore, we reject their complaint that discipline was imposed in bad faith, without cause, and for retaliatory purposes.

DUE PROCESS
Following the plaintiffs' appeal of their suspensions to the Board, the matter was continued twice in 2004. The plaintiffs assert, in effect, that the failure by the Board to grant a third continuance in July 2004 denied them due process. The plaintiffs contend that government employment in the classified civil service is a protected property interest. They claim that they cannot be deprived of their interest without due process. The plaintiffs assert that they were entitled to notice of the cause for discipline, a meaningful opportunity to be heard in their own defense, and a post-deprivation hearing. According to the plaintiffs, the city's abrupt termination of settlement negotiations in order to force a hearing by the Board deprived them of their right to a "fair and meaningful" hearing. The plaintiffs allege that this precluded them from subpoenaing witnesses to support their claims that Cochran used discipline to suppress complaints and grievances and that the discipline imposed in this case was punishment for complaining to the City Council. They claim that if they had been afforded time to present their cases, they could have shown that Cochran imposed discipline on them in bad faith and for retaliatory purposes.
The record fails to demonstrate an abuse of discretion in denying the continuance in this matter. As stated by the trial court, there was no agreement between the parties to postpone the Board's review of suspensions until the conclusion of negotiations on the federal lawsuit. Two previous continuances had been granted earlier in 2004. The plaintiffs had ample time to prepare evidence and subpoena witnesses. They were not denied due process by requiring them to prepare their cases for presentation in the event that settlement negotiations broke down.
Also, as found by the trial court, the plaintiffs made only conclusory statements that, if a continuance had been granted, they could have proved that the suspensions were retaliatory and imposed in bad faith. They made no offer of proof to substantiate their claims. Under the circumstances presented here, we affirm the decision of the Board and the district court in denying the plaintiffs' motion for a continuance. The denial did not constitute a clear abuse of discretion.

CONCLUSION
For the reasons stated above, we affirm the decision of the district court and the Shreveport Municipal Fire and Civil Service Board, upholding the suspensions of the plaintiffs, Billy Raymond Woods, Jr., and John Walter Ivory, for insubordination. We further affirm the denial of a continuance by the Board. Costs are assessed to the plaintiffs.
AFFIRMED.
NOTES
[1] Although obviously recused from these proceedings, Ivory was a member of the Board.
[2] Ivory had been cleared of any disciplinary infraction in his conversation with the co-employee, but was ordered to write a letter that was not an admission of guilt, but an apology for the misunderstanding. No testimony supported Ivory's claim that he was threatened with termination, although Ivory was ordered to write the letter and could have been disciplined for failure to do so.