NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-725

JOHN HENRY SANDLIN, ET AL.

VERSUS

ABC INS. CO., ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-108-10
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Michael H. Schwartzberg
Vamvoras, Schwartzberg, & Hinch, LLC
1111 Ryan St.
Lake Charles, LA 70601
(337) 433-1621
COUNSEL FOR PLAINTIFF/APPELLANT:
    John Henry Sandlin

**David L. Bateman**
**Bateman Law Firm**
**6010 Perkins Road, Ste A**
**Baton Rouge, LA 70808**
**(225) 766-8484**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **John Henry Sandlin**

**Mark Wayne Verret**
**Allen & Gooch**
**3900 N. Causeway Blvd., #1450**
**Metairie, LA 70002**
**(504) 836-5270**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **The Therapy Center of JeffersonDavis Parish, Inc.**
    **Baxter Deal**

**EZELL, Judge.**

John Sandlin appeals the decision of the trial court below granting summary judgment in favor of Baxter Deal and the Therapy Center of Jefferson Parish. For the following reasons, we hereby affirm the decision of the trial court.

The instant matter is a negligence claim against Mr. Deal and the facility where he renders physical therapy services. Mr. Sandlin was prescribed physical therapy from Mr. Deal after back surgery in 2009. The prescription called for aquatic therapy. Mr. Sandlin chose Mr. Deal because he was the closest therapist to his home that had a pool. Mr. Sandlin claims that he was improving after surgery until Mr. Deal disregarded his physician's orders for aquatic therapy and performed manipulations on his legs and back. Mr. Sandlin claims that during one of these manipulations he suffered a ruptured disc. He filed the current suit seeking damages for that injury and the resulting surgery. Mr. Deal filed a motion for summary judgment seeking dismissal of Mr. Sandlin's claims, which was granted by the trial court. From that decision, Mr. Sandlin appeals.

Mr. Sandlin asserts two assignments of error. He claims that the trial court erred in failing to grant his motion to continue and that the trial court erred in granting Mr. Deal's motion for summary judgment.

Mr. Sandlin first claims that the trial court erred in failing to grant his continuance in light of the fact that he had relevant depositions scheduled after the date of the hearing on the motion for summary judgment. A denial of a motion for continuance will not be disturbed absent a showing of an abuse of discretion by the trial court. *Woods v. City of Shreveport,* 40, 393, 40, 394 (La.App. 2 Cir. 10/26/05), 914 So.2d 635. Mr. Sandlin claims that he was unable to secure expert testimony in this case because his physician's deposition was postponed due to the doctor's ill

health and his eventual death. Mr. Sandlin further claims that the rescheduling was at Mr. Deal's request. However, the record in this case shows that, while Mr. Deal had asked to reschedule Dr. Fraser Landreneau's deposition, the doctor's office had already informed Mr. Sandlin that he was unable to participate in the deposition due to his failing health prior to the actual cancelation of the deposition. Mr. Sandlin knew Dr. Landreneau would be unavailable no later than March 23, 2011, over one full year before the hearing on the summary judgment. While parties must be given a fair opportunity to carry out discovery and present their claim, there is no absolute right to delay an action on a motion for summary judgment until discovery is complete. *Borne v. New Orleans Health Care, Inc.,* 580 So.2d 1070 (La.App. 4 Cir.), *writ denied,* 586 So.2d 533 (La.1991). Mr. Sandlin had three years from the filing of his suit, one year from his notification that Dr. Landreneau could not participate in his scheduled deposition, and another six months after his doctor's death to secure expert testimony regarding this claim. He did not. In light of the record before this court, we find that the trial court did not abuse its discretion in denying Mr. Sandlin's motion for a continuance.

Next, Mr. Sandlin claims the trial court erred in granting Mr. Deal's motion for summary judgment in light of evidence in the record regarding Mr. Deal's alleged breach of the standard of care. Again, we disagree. As noted in *Hargrove v. Goods*, 41, 817, 41, 934, pp. 2-3 (La. App. 2 Cir. 2/28/07), 953 So.2d 968, 971:

> On appeal, a trial court's ruling on a motion for summary judgment is reviewed pursuant to the *de novo* standard of review. *Jones v. Estate of Santiago,* 03–1424 (La.4/14/04), 870 So.2d 1002.

> Our law provides that the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); *Racine v. Moon's Towing,* 2001–2837 (La.05/14/02), 817

So.2d 21. If the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law, then summary judgment shall be rendered. La. C.C.P. art. 966; *Patton v. Strogen,* 39,829 (La.App.2d Cir.8/17/05), 908 So.2d 1282, *writ denied,* 2005–2397 (La.3/17/06), 925 So.2d 548.

As explained in La. C.C.P. art. 966(C)(2) and throughout our jurisprudence, the burden of proof on a motion for summary judgment remains with the movant. However, when the movant will not bear the burden of proof at trial on the matter before the court on the summary judgment motion, the burden does not require the movant to negate all essential elements of the adverse party's claim, but rather to point out that there is an absence of factual support for one or more elements essential to that claim. La. C.C.P. art. 966(C)(2). If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact. *Id.*

As provided in La. C.C.P. art. 967(B), the adverse party may not rest on the mere allegations or denials of his pleading in response to a properly made and supported motion for summary judgment; rather, his response, by affidavits or otherwise, must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment shall be rendered against him, if appropriate. La. C.C.P. art. 967(B).

After a thorough review of the record before this court, we can find no error in the trial court's ruling. While Mr. Deal's actions in this matter were allegedly below the standard of care, it is upon Mr. Sandlin to actually offer proof that they caused him injury. He failed to do so. There is simply no evidence of a causal connection between Mr. Deal's actions and Mr. Sandlin's injuries in the record. As noted by the trial court itself:

> [T]he plaintiff did not introduce any expert testimony sufficient to establish a causal connection between the injuries SANDLIN alleged in his petition and the actions of the defendants. This lawsuit was filed on February 11, 2010, almost a year after the plaintiffs allege the injuries occurred. As of the date of the hearing, three (3) years have passed since SANDLIN's treatment, yet the plaintiffs have not retained any medical experts to support their contention that the THERAPY CENTER and DEAL were negligent in their treatment of SANDLIN, causing him further injuries and aggravation of his pre-existing condition. Consequently, as the plaintiffs have not offered any factual and medical support sufficient to establish that they will satisfy their evidentiary

burden of proof at trial, there is no genuine issue of material fact, and the defendants are entitled to have their Motion for Summary Judgment granted.

The trial court committed no error in granting Mr. Deal's motion for summary judgment.

For the above reasons, the ruling of the trial court is hereby affirmed. Costs of this appeal are assessed against Mr. Sandlin.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.