E. "BEN" ZAHN, III

VERSUS

KENNER MUNICIPAL FIRE AND POLICE
CIVIL SERVICE BOARD

NO. 23-CA-156

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 824-402, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

December 13, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

<u>**AFFIRMED**</u>
**MEJ**
**SMC**
**FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
E. "BEN" ZAHN, III
    Amanda Plaiscia
    Craig R. Watson

COUNSEL FOR DEFENDANT/APPELLANT,
JOSEPH SUNSERI
    Laura C. Rodrigue
    Blake J. Arcuri

**JOHNSON, J.**

Appellant, Joseph Sunseri, appeals the 24th Judicial District Court's February 6, 2023 judgment reinstating the City of Kenner's ("Kenner") rejection of his appointment as Assistant Fire Chief. For the following reasons, we affirm the district court's decision.

## FACTS AND PROCEDURAL HISTORY

Mr. Sunseri began his working test period for the promotional position of Assistant Chief of the City of Kenner Fire Department on September 29, 2018. La. R.S. 33:2495(B)(1) provides that the period of the working test shall commence upon appointment and continue for a period of not less than six months nor more than one year. On an internal Personnel Action Form dated September 25, 2019 (which Mr. Sunseri advises Kenner never provided to him), Kenner wrote, "Employee failed his working test period as he was unable and unwilling to perform satisfactorily the duties of the position to which he had been appointed." (caps omitted). Kenner submitted an additional Personnel Action Form to the Kenner Municipal Fire and Police Civil Service Board ("the Board"), notifying the Board of its actions, which was received by the Board on September 26, 2019.

That same day, Mr. Sunseri contacted his direct supervisor, Ryan Bergeron, via text message, requesting an explanation for Kenner's finding that he failed to perform satisfactorily during his working test period and its resulting failure to confirm his promotion to the position of Assistant Fire Chief. Mr. Bergeron advised Mr. Sunseri to request a meeting with Fire Chief Terence Morris, the third fire chief Mr. Sunseri had worked with during the working test period, via Kenner Fire Department ("KFD") Form 103. Mr. Sunseri responded, "Ok I'll do it. But I don't need a meeting. I need an explanation. Is there some sort of paperwork that states why I'm being demoted or why I failed my working test period?" to which Mr. Bergeron replied, "OK".

23-CA-156                                           1

Mr. Sunseri subsequently filed an appeal with the Board on October 3, 2019, alleging in his Request for Hearing of Appeal that Kenner failed "to confirm probational employee in accordance with state and local law". Mr. Sunseri's appeal was heard on December 16, 2021. The hearing was not transcribed, as neither Mr. Sunseri nor Kenner opted to have it transcribed, and the Board advised that it would not be responsible for producing a transcript. The minutes indicate that the following items were introduced as evidence:

> **APPOINTING AUTHORITY EXHIBITS:**
> **KFD1** Written Reprimand issued to Joseph Sunseri, III dated January 21, 2019 in reference to the vase incident; written statements from subordinates concerning the incident; incident date - 01/15/2019
> **KFD2** Written Reprimand issued to Joseph Sunseri, III dated March 29, 2019 in reference to an email sent to Ryan Bergeron, Terence Morris, Charles Hudson, and Heather Hilliard, Assistant Director of Emergency Management, subject: health & welfare checks; copy of the email; incident date - 02/28/2019; Louisiana Revised Statute 33:2495 - Working Tests
>
> **APPELLANT EXHIBITS:**
> **JS1** Personnel Action Forms (city and state) dated September 25, 2019 - September 27, 2019 issued to Joseph Sunseri, III; Rejection from working test period
> **JS2** Printout of a text message exchange between Joseph Sunseri, III and Ryan Bergeron
> **JS3** KFD 103 Form dated September 26, 2019 from Joseph Sunseri, III to the Fire Chief requesting a meeting and explanation for the rejection from working test period.

Also, the following witnesses provided testimony at the hearing:

> Terence Morris, Fire Chief
> Ryan Bergeron, Chief of Administration
> Charles Hudson, Chief of Administration
> Keith Crimen, Jr., Chief of Fire Prevention
> Joseph Sunseri, III, Fire Driver, Appellant
> Jennifer Driscoll, Board Secretary

After a brief executive session to discuss the character and professional competence of Mr. Sunseri pursuant to Louisiana Revised Statute 42:17, by a vote of 4 to 1, the Board found that Mr. Sunseri was not given a fair opportunity to

prove his ability in the position of Assistant Fire Chief and granted his appeal. The

Board's written Findings of Fact were as follows:

- On September 29, 2018 Joseph Sunseri, III was appointed to Assistant Fire Chief in a probationary working test period.

- Per Louisiana R. S. 33:2495, a working test period shall continue for a period of no less than six (6) months and no more than one (1) year.

- On September 29, 2018 the Fire Chief, Ryan Bergeron, was the direct supervisor of Joseph Sunseri, III as an Assistant Fire Chief.

- On December 10, 2018 the positions of Chief of Administration over administrative personnel and Chief of Administration over suppression personnel were added to the Kenner Fire Department. The Chief of Administration over suppression personnel became the direct supervisor of the Assistant Fire Chiefs. Terence Morris was appointed to Chief of Administration over suppression personnel. Charles Hudson was appointed to the Chief of Administration over administrative personnel. Keith Crimen, Jr. was appointed to Chief of Fire Prevention.

- Joseph Sunseri, III received a written reprimand on January 30, 2019 from an incident occurring on January 15, 2019. Specifically for violation of Kenner Fire Department Standard Operating Guideline 140.02 Administrative Section - Rules of Conduct: Article 52 - Instruction from an Authoritative Source, Article 59 - Cooperation, and Article 84 – Report Requirements; False or Inaccurate Reports. (Exhibit KFD1)

- Joseph Sunseri, III received a written reprimand on March 29, 2019 from an incident occurring on February 28, 2019. Specifically for violation of Kenner Fire Department Standard Operating Guideline 140.02 Administrative Section - Rules of Conduct: Article 50.2 Conduct Unbecoming an Officer (Exhibit KFD2)

- On April 14, 2019 Ryan Bergeron resigned as Fire Chief and was appointed to Chief of Administration over suppression personnel. Terence Morris was appointed interim Fire Chief.

- On June 15, 2019 Keith Crimen, Jr. was appointed to Fire Chief. Terence Morris was appointed to Chief of Administration over suppression personnel. Ryan Bergeron was appointed to the position of Chief of Administration over administrative personnel. Charles Hudson was appointed to the position of Chief of Fire Prevention.

• Joseph Sunseri, III received no further written reprimands or other disciplinary actions contained in a personnel action form for the remainder of the working test period.

• On September 25, 2019 Joseph Sunseri, III received a telephone call from both Ryan Bergeron, then Chief of Administration over administrative personnel, and Keith Crimen, Jr., then Fire Chief, advising him that he would not be confirmed in the position of Assistant Fire Chief.

• A civil service personnel action form was completed on September 25, 2019, with an effective date of September 27, 2019, reflecting a rejection from working test period for Joseph Sunseri, III. (Exhibit JS1)

• On September 25, 2019 Keith Crimen, Jr. resigned as Fire Chief and was appointed Chief of Fire Prevention. Terence Morris was appointed Fire Chief. Ryan Bergeron was appointed Chief of Administration over suppression personnel. Charles Hudson was appointed to Chief of Administration over administrative personnel.

• The civil service personnel action form was received by Jennifer Driscoll, Board Secretary, in the fire and police civil service department on September 26, 2019. (Exhibit JS1)

• Joseph Sunseri, III contacted Ryan Bergeron via text message on September 26, 2019 to request an explanation of the rejection from working test period. Ryan Bergeron advised in response via text message that he should request a meeting with then Fire Chief, Terence Morris, on a KFD103 Form. (Exhibit JS2)

• Joseph Sunseri, III submitted a complete KFD103 Form to his superior officer requesting a meeting with the Fire Chief in reference to the rejection from working test period. (Exhibit JS3)

• On the morning of September 27, 2019 Joseph Sunseri, III contacted Jennifer Driscoll via telephone call to request a copy of any paperwork received reflecting a rejection from working test period. A copy of the personnel action form was provided to Joseph Sunseri, III on the afternoon of September 27, 2019 by Jennifer Driscoll. (Exhibit JS1)

• On October 3, 2019 Jennifer Driscoll received a letter from Laura Cannizzaro Rodrigue containing a notice of legal representation for Joseph Sunseri, III, as well as a request for hearing of appeal relative to the rejection from working test period.

• On October 14, 2019 the Kenner Municipal Fire and Police Civil Service Board held a regular meeting. At this meeting the

Civil Service Board reviewed Joseph Sunseri, III's request for hearing of appeal. This request was approved and added to the docket as case number 2019_AH_FIR_014.

• After many delays caused by COVID-19 and Hurricane Ida, an appeal hearing was set for December 16, 2021.

The Board then listed the witnesses and exhibits that were offered at the hearing, described the temporary adjournment to executive session, and then rendered the Decision of the Board, stating that Kenner did not give Mr. Sunseri "a fair opportunity to prove his ability in the position of Assistant Fire Chief and, therefore, the appeal of Joseph Sunseri is granted."

On Kenner's behalf, former Mayor and Appointing Authority, E. "Ben" Zahn, III, appealed the Board's decision to the 24th Judicial District Court. Kenner asserted that, during Mr. Sunseri's working test period as a probational Assistant Chief, Mr. Sunseri received written reprimands on January 21, 2019 and March 29, 2019. The first reprimand was issued because he submitted "vague and then inappropriate documentation" from several of his subordinate firefighters in response to an investigation of property damage that a citizen sustained while the department was responding to a call, in violation of several of the Department's Rules of Conduct.[1] The second reprimand Mr. Sunseri received was for a violation of Rule of Conduct Article 50.2 – Conduct Unbecoming an Officer – after Mr. Sunseri questioned a request to perform welfare checks on Department members out on sick leave due to surgery and stated, "This is getting absurd." in a February 28, 2019 email addressed to Chief Ryan Bergeron, Chief of Administration Terence Morris, and Chief of Administration Charles Hudson, with a carbon copy

---

[1] Kenner alleged Mr. Sunseri violated the following City of Kenner Fire Department Standard Operating Guidelines ("SOG") 140.02 Administrative Section – Rules of Conduct:
(1) Article 50.2 – Conduct Unbecoming of an Officer;
(2) Article 52 – Instructions from an Authoritative Source;
(3) Article 53 – Neglect of Duty;
(4) Article 54 – Disobedience of Orders;
(5) Article 59 – Cooperation;
(6) Article 84 – Report Requirements;
(7) False or Inaccurate Reports

to Assistant Director of Emergency Management Heather Hilliard. Kenner asserted in its brief that all three Fire Chiefs under whom Mr. Sunseri served during his test period concurred in the decision to reinstate Mr. Sunseri to the position of District Fire Chief, as he "failed his working test period as he was unable and unwilling to perform satisfactorily the duties of the position of Assistant Chief to which he was appointed." Kenner argued that the Board "erroneously" reversed its decision despite the fact that "*three* Fire Chiefs had the opportunity to directly observe Mr. Sunseri's job performance as Assistant Chief on separate occasions during his nearly one-year working test period" and "all *three* did not believe that Sunseri adequately performed" his duties. (Emphasis in original). Kenner also argued that the Board committed manifest error and its decision was not made in good faith, as there was no rational basis to conclude that Mr. Sunseri did not receive a fair opportunity to prove his ability to perform as Assistant Chief. Kenner asked the district court to reverse the Board's decision and reinstate its decision to reject Mr. Sunseri's probational employment as Assistant Chief.

The matter was submitted on briefs. The district court found that Mr. Sunseri had no basis to appeal Kenner's failure to provide him with a signed statement containing reasons for his working test period rejection as required by La. R.S. 33:2495. On February 6, 2023, the court issued judgment in favor of Kenner and reversed the Board's decision granting Mr. Sunseri's appeal, thereby reinstating Kenner's rejection of Mr. Sunseri's appointment as Assistant Chief. Mr. Sunseri's timely appeal followed.

*ASSIGNMENTS OF ERROR*

**1. The District Court committed an error of law when it disregarded the requirements of La. R.S. 33:2495 that a signed statement containing the reasons for rejection be provided to an employee.**

**2. The District Court committed an error of law when it found that the only basis for appeal allowed under La. R.S.**

**33:2495(B)(2)(c) is not being given a fair opportunity to prove one's ability in the position.**

Mr. Sunseri argues that the district court erred when it found that he could not appeal Kenner's decision on procedural grounds, but instead could only challenge his rejection if, under La. R.S. 33:2495(B)(2)(c), he was not given a fair opportunity to prove his ability in the position. He also argues that the district court committed legal error when it did not consider the failure of Kenner to provide him with written reasons regarding his rejection to La. R.S. 33:2495(C). Kenner did not furnish a signed statement to Mr. Sunseri indicating its refusal to confirm him as Assistant Chief and the reasons therefor upon completion of his working test period. Mr. Sunseri contends that Kenner's "failure to provide the signed statement to Sunseri deprived him of the due process he is owed under La. R.S. 33:2495 and his opportunity to even grasp what specifically he could or could not appeal." Mr. Sunseri concludes that he is legally entitled to confirmation, pursuant to La. R.S. 33:2495(C), because Kenner did not complete the process of refusing his confirmation, specifically Kenner did not provide him with a signed statement that offered reasons for his rejection and if "the appointing authority is free to disregard all procedural mandates within the statute itself, [it] would lead to absurd results."

## *LAW AND DISCUSSION*

> If made in good faith and statutory cause, a decision of the civil service board cannot be disturbed on judicial review. Good faith does not occur if the appointing authority acted arbitrarily or capriciously, or as the result of prejudice or political expediency. Arbitrary or capricious means the lack of a rational basis for the action taken. The district court should accord deference to a civil service board's factual conclusions and must not overturn them unless they are manifestly erroneous. Likewise, the intermediate appellate court and our review of a civil service board's findings of fact are limited. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error.

*Moore v. Ware*, 01-3341 (La. 2/25/03), 839 So.2d 940, 945-46 (internal citations omitted).

La. R.S. 33:2495 provides, in pertinent part:

B. (1) Except as provided in R.S. 33:2495.1, the period of the working test shall commence immediately upon appointment and shall continue for a period of not less than six months nor more than one year.

(2)(a) Any probational employee in the classified fire service, except an entry level fireman and an entry level radio, fire alarm, or signal system operator, who has served less than six months of his working test for any given position may be removed therefrom only with the prior approval of the board, and only upon one of the following grounds:

(i) He is unable or unwilling to perform satisfactorily the duties of the position to which he has been appointed.

(ii) His habits and dependability do not merit his continuance therein.

(b) Any such probational employee in the classified fire service may appear before the board and present his case before he is removed.

(c) Any such probational employee in the classified fire service who is rejected after having served a working test of six months but not more than one year may appeal to the board only upon the grounds that he has not been given a fair opportunity to prove his ability in the position.

C. Upon any employee completing his working test, the appointing authority shall so advise the board and furnish a signed statement to the respective employee of its confirmation and acceptance of the employee as a regular and permanent employee in the respective position or of its refusal to confirm the employee and the reasons therefor. If, at the expiration of an employee's working test period, the appointing authority fails to confirm or reject the employee, such failure to act shall constitute a confirmation.

Mr. Sunseri urges that La. R.S. 33:2495(B)(2)(c) mandates that his appointment be confirmed in this instance where Kenner did not provide him with a written statement advising him of its refusal to confirm him in the position of Assistant Fire Chief.

Mr. Sunseri contends that Kenner reversed its obligations under La. R.S. 33:2495 and advised him via telephone of the rejection from his working test period, but provided the Board with a signed statement regarding its decision. In support of his position, Mr. Sunseri cites to *Powell v. City of Winnfield Fire & Police Civ. Serv. Bd.*, 370 So.2d 109 (La. App. 2nd Cir. 1979), in which the Second Circuit found, "the statutory requirement [under La. R.S. 33:2560(D)] of

specificity in written reasons for discharge, [had] not been fulfilled under the circumstances shown by [the] record." In that case, a police officer was discharged after many infractions, but only the Aldermen were sent a report regarding his dismissal. The Second Circuit, citing R.S. 33:2560(D),[2] found that "the Board erred in determining that his discharge, on the broad ground of neglect, was made in good faith for cause", and reversed the Board's decision. *Id.* at 110.

Mr. Sunseri urges that, because Kenner refused to comply with the letter of the law, he should have been confirmed as Assistant Chief. However, the record in *Powell* did not show that the employee had been given detailed reasons for his dismissal "in writing or otherwise" and that the court could not presume to know the contents of the report the police chief submitted to the Alderman. *Id.* at 112.

To contrast, in the case *sub judice*, the record shows that Mr. Sunseri timely received two reprimands, which were entered into evidence at the hearing. Kenner had valid grounds to reject his appointment before the six-month mark of his test period had passed pursuant to La. R.S. 33:2495(B)(2)(a) or (b). Therefore, we must reject Mr. Sunseri's assertion that Kenner's apparent failure to follow the letter of the law pursuant to La. R.S. 33:2495(C) should result in his confirmation.

Although deference should be given to the factual conclusions of a civil service board, upon review of the record, we find that the district court did not err when it found that the Board's decision "was arbitrary and capricious and not made in good faith for cause." *See Moore*, 839 So.2d at 945-46; *Voltolina v. City of Kenner*, 20-151 (La. App. 5 Cir. 12/2/20), 306 So.3d 640, 644, *writ denied,* 20-1498 (La. 3/9/21), 312 So.3d 583, *citing Mathieu v. New Orleans Public Library*, 09-2746 (La. 10/19/10), 50 So.3d 1259, 1262. "The appellate court's review of the

---

[2] La. R.S. 33:2560(D) states: In every case of corrective or disciplinary action taken against a regular employee of the classified service, the appointing authority shall furnish the employee and the board a statement in writing of the action and the complete reasons therefor.

findings of fact is governed by the manifest error or clearly erroneous standard in a Civil Service case." *Banks v. New Orleans Police Dep't*, 01-859 (La. App. 4 Cir. 9/25/02); 829 So.2d 511, 513-14, *writ denied,* 02-2620 (La. 12/13/02); 831 So.2d 990. Under the manifest error/clearly wrong standard of review, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finders' conclusions were reasonable. *See Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880, 882 (La. 1993). When the civil service board has committed a reversible legal error, the reviewing court should make its own review of the record and render a judgment on the merits, if possible. *Voltolina*, *supra.*

In Mr. Sunseri's case, the Civil Service Board did not make any factual findings, or reach any conclusions. The Board's report does not contain factual deductions or inferences drawn from the evidence provided by the parties.[3] Instead, the "Findings of Fact" are merely a recitation of the timeline of events that transpired during his working test period, which the parties do not dispute. The Board's findings do not provide a rational basis for the Board's conclusory finding that Kenner did not provide Mr. Sunseri a fair opportunity to prove his ability in the position of Assistant Chief. It is not clear from the report what inferences the Board made, or which facts it determined Mr. Sunseri proved in support of his appeal (other than Kenner's failure to timely provide written notice of his rejection pursuant to La. R.S. 33:2495(C)). The lack of evidence to support the Board's decision left the district court no choice but to conclude that the Board's decision was arbitrary and capricious, and not made in good faith and for statutory cause. *See Moore*, 839 So.2d at 945-46; *City of Kenner v. Kenner Mun. Fire & Police*

---

[3] *See* CONCLUSION OF FACT, Black's Law Dictionary (11th ed. 2019) (conclusion of fact (18c) A factual deduction drawn from observed or proven facts without resort to rules of law; an evidentiary inference.)

*Civil Serv. Bd.*, 09-465 (La. App. 5 Cir. 1/12/10), 31 So.3d 473, 481-482, *writ denied,* 10-324 (La. 6/4/10), 38 So.3d 301.

In turn, our review is limited to a determination of whether the district court committed manifest error. *Id.* at 481, *citing Shields v. City of Shreveport,* 565 So.2d 473, 480 (La. App. 2nd Cir.1990), *aff'd,* 579 So.2d 961 (La. 1991). The Board made the correct inquiry, but the record before us contains no factual findings made by the Board which would constitute a rational basis for its determination that Mr. Sunseri was not given a fair opportunity to prove his ability in the position of Assistant Fire Chief. Therefore, we find that the district court's determination that the Board committed manifest error, and its judgment reversing the ruling of the Board that granted Mr. Sunseri's appeal, were correct. Last, without evidence to support allegations that he did not have a fair opportunity to prove his ability in the position, pursuant to La. R.S. 33:2495(B)(2)(c), we find that Mr. Sunseri had no other basis to appeal Kenner's refusal to confirm his appointment as Assistant Fire Chief after the completion of his working test period.

## *DECREE*

Considering the foregoing, the judgment of the district court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 13, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-156

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
AMANDA PLAISCIA (APPELLEE)          CRAIG R. WATSON (APPELLEE)          BLAKE J. ARCURI (APPELLANT)
LAURA C. RODRIGUE (APPELLANT)       RYAN C. HIGGINS (APPELLEE)

### MAILED
DAVID J. PATIN, JR. (APPELLEE)
ATTORNEY AT LAW
401 WHITNEY AVENUE
SUITE 500
GRETNA, LA 70056